## H. A. JACKSON v. S. S. STONER, *as Adm'r, &c.*

BILL OF EXCEPTIONS; *Practice; Original Bill must be Filed.* The office of a bill of exceptions is to bring upon the record some portion of those proceedings in a cause which do not otherwise go upon the record. It must therefore be filed in the court in which the proceedings are had, and it then becomes itself a part of the record of the cause. If a party desires to use this part of the record in proceedings in error, he should obtain a certified transcript, and attach the same to his petition in error. He may not take the original bill of exceptions, signed, but never filed, and therefore never a part of the record, and attach that to his petition in error as sufficient evidence of the proceedings claimed to be erroneous.

*Error from Neosho District Court.*

STONER, as administrator of the estate of one Strayer, deceased, recovered a judgment before a justice of the peace against *Jackson. Jackson* removed the case to the district court by petition in error. The record shows, that the trial before the justice was on the 27th of March 1874; that *Jackson* filed a petition in error in the district court the next day, March 28th, which petition was dismissed on *Jackson's* motion, and at his costs, April 17th 1874, and that he had leave to withdraw his petition and exhibit from the files; that on the 18th of April a second petition in error was filed in the district court by *Jackson;* that at the December term 1874, said second petition in error was heard, and that the district court affirmed the judgment of the justice. From this judgment of affirmance *Jackson* now appeals, and brings the record to this court for review.

*Carpenter & Jones*, for plaintiff in error.
*Allen & Allen,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error recovered a judgment in a justice's court. Plaintiff in error sought to review that judgment, by petition in error in the district court, but that

court affirmed the judgment; and he now brings the case here. The first question we meet, and one which, after examination, we are compelled to decide against the plaintiff in error, is, whether there is any properly-authenticated bill of exceptions. The facts are these: Attached to the petition in error, as filed in the district court, was what appeared· to be an original bill of exceptions, and a transcript from the docket of the justice. An examination of the transcript will fail to show that any bill of exceptions was ever taken. True, the justice states in his docket that such and such questions were asked, objected to, and objections sustained, and exceptions taken by defendant. This would seem to be simply his own recitation on his docket of what took place at the trial, and not a statement that a bill of exceptions had been duly prepared and signed. But conceding, under the liberal construction to. be given to proceedings before justices, that the latter is the true import of the language, and was so intended by the justice, still there is nothing to show that the bill of exceptions was ever filed with him so as to become a part of his record. Upon the face of it, it purports to be an original document. It carries no file-marks of the justice. It bears no date. But in order to show that it must have been signed within the ten days provided by statute, (Laws 1870, p. 186, § 13,) counsel refer to the fact that it bears the file-marks of the clerk of the district court as of a date one day after the trial before the justice. While the file-mark may be sufficient for this purpose, it only makes more plain the fact that this paper, purporting to be a bill of exceptions, never became a part of the justice's record, for the certificate of the justice to the transcript which follows it bears date some twenty days thereafter. The fact doubtless is, as stated by counsel in their brief, that plaintiff in error filed a petition in error in the district court the day after the trial, with only the original bill of exceptions attached. Fearing that that did not contain a sufficient presentation of the case, he dismissed this proceeding and refiled his petition in error, adding to it a transcript from the jus-

tice's docket. The transcript therefore is dated long after the bill of exceptions was first filed in the district court. The office of a bill of exceptions is, to bring upon the record some portion of those proceedings in the case which do not of course and of right go upon the record. It is itself a part of·the record; (Gen. Stat. p. 686, § 303; p. 798, § 112.) It is to be filed and left with the court in which it was taken, and is no more to be removed therefrom than any other part of the record. *Brown v. Rhodes*, 1 Kas. 359. If a party desires to use any part of the record, in other proceedings, in other courts, he is to take a certified copy. Now this bill of exceptions, though signed by the justice, does not appear to have ever been filed with him, or made a part of the record in the cause. And no transcript of any bill of exceptions certified to by the justice, was attached to the petition in error as it was filed in the district court. The plaintiff in error might with equal propriety have taken the leaf out of the justice's docket upon which the proceedings in this case were entered, and attached that to his petition, instead of obtaining a certified transcript. This may appear quite technical, and it may seem that if a certified transcript of a paper, after it had been filed, was sufficient, the original, before it was filed, ought to be. But the law says a *transcript;* (Gen. Stat. p. 737, § 546;) and shall we hold that the district court erred when it followed the law? Nor is it altogether an arbitrary technicality. In this case it might not perhaps work any injury, but it can easily be seen that the due and orderly administration of justice might be interfered with if the records of a cause could be broken up, and a part removed from the court in which it was tried. Be that as it may, we cannot say that the district court erred in following the plain letter of the law.

The judgment will be affirmed.

All the Justices concurring.