THE STATE OF KANSAS v. GEORGE H. SCHOENEWALD.

BILL OF EXCEPTIONS, *Must be Duly Filed.* Where it affirmatively appears that a bill of exceptions, though allowed and signed during the term, was not filed until many months thereafter and until two regular terms had intervened, *held*, that it never became a part of the record, and presents nothing upon which this court can act, and this whether the action was one criminal or civil. (*Brown v. Rhodes*, 1 Kas. 364; *The State v. Bohan*, 19 Kas. 28.)

*Appeal from Montgomery District Court.*

INFORMATION for murder, charging *George H. Schoenewald*
with the felonious killing of John Letcher, in the county of
Montgomery, August 5, 1877. At the September Term, 1880,
of the district court, the defendant was convicted of manslaugh-
ter in the first degree, and sentenced to the penitentiary for a
term of twenty years, from which judgment he appeals.

*J. F. Broadhead*, for appellant.

*Ed. Van Gundy*, county attorney, and *Wm. Dunkin*, for The
State.

The opinion of the court was delivered by

BREWER, J.: The appellant in this case was convicted in
the district court of Montgomery county of the crime of man-
slaughter in the first degree, and sentenced to hard labor in
the state penitentiary for a term of twenty years, and from
this conviction and sentence has brought this appeal to this
court. As a preliminary question the state challenges the rec-
ord presented by defendant, and this challenge must be sus-
tained.

It appears that the defendant was tried at the September
term, 1880; that a bill of exceptions was signed on the 23d
day of September, 1880, but never presented to or filed with
the clerk till July 5th, 1881. This was more than nine
months after it was allowed and signed, and after two regular
terms of the district court of that county had intervened.
Such a bill of exceptions never became a part of the record,
and presents nothing calling for our examination. This is a
matter settled by one of the early decisions of this court,
(*Brown v. Rhodes*, 1 Kas. 364,) a decision in harmony with the
rulings elsewhere, and one repeatedly followed by this court
in many cases thereafter. (*The State v. Montgomery*, 8 Kas. 351;
*Lownsberry v. Rakestraw*, 14 Kas. 151; *Jackson v. Stoner*, 17
Kas. 605; *The State v. Bohan*, 19 Kas. 28.) In the case cited
from 1 Kas. the second paragraph in the syllabus reads: " The

19 — 26 KAS.

records of a term of court are made up under its direction during the term. A bill of exceptions filed out of term *is no part of the record*." And in the opinion it is further stated, that "No language could make it more clear that the bill must be allowed and signed within the term at which the exceptions were taken; and the language immediately following that last cited, 'whereupon it shall be filed with the pleadings, as a part of the record,' can mean nothing else than that it shall *then* be filed and *become* a part of the record. The statute does not declare the bill a part of the record before it is filed, and the filing is therefore necessary to make it such. The records of a term of court are made during the term, and under the direction of the court."

This, it is true, was a civil case, but the statute provides that the same rule holds in criminal as in civil cases, (Cr. Code, § 219,) and its validity has been recognized in several criminal cases as above cited. There is therefore no record before us, nothing which we can examine or upon which we can predicate a decision. It may further be noticed, that the original bill of exceptions was filed with us, and not a transcript; this, too, is unauthorized. (*Jackson v. Stoner*, 17 Kas. 605.) These are not mere technicalities or irregularities, which may be disregarded, but they are matters of substance, going to the rights of parties and essential to guard each against any wrong on the part of the other. The reason for this has been stated over and over again, and need not now be repeated; the rule is settled, and may not be disregarded. This compels us to dismiss the appeal. Notwithstanding this, we have examined the record, and are satisfied that while in one respect there may have been a technical disregard of the requirements of the statute, there was nothing on the whole of which the defendant and appellant can fairly complain. It is very evident to us that the defendant is guilty of the offense charged against him, and therefore ought to suffer his punishment as adjudged by the court.

Without going into details, we may notice a few of the points presented. We cannot see that the plea in abatement was im-

properly overruled, because it does not appear that all the testimony offered upon that plea was incorporated in the bill of exceptions.    The application for a change of venue was properly overruled.    The single affidavit of the defendant, stating but little more than his own conclusions, ought not to outweigh the affidavits of three or four of the respectable citizens of the county.    The ruling in respect to the application for a continuance is sustained by several decisions of this court. (*Thompson v. The State*, 5 Kas. 159; *The State v. Adams*, 20 Kas. 311.)    We see no error in admitting the testimony objected to by defendant.    It was in reference to matters which occurred at the time of the homicide, which were a part of the *res gestæ*.    While the wound inflicted by the defendant on the deceased may not have been a wound necessarily fatal, yet the jury were justified in finding that the wound did kill him. The deceased was shot in the arm, and died within six or eight days thereafter.    While it is possible that the treatment which he received was not the best, yet there is no reason to doubt that the physician in attendance acted according to his best judgment, and that the party would not have died but for the wound.    It does not lie in the mouth of the defendant to complain very seriously of the character of the medical attendance furnished the deceased. (*The State v. Kearley*, ante, p. 77.)    The other matter that we shall notice, in which perhaps the court was guilty of some slight error, is in the matter of the instructions.    The court charged the jury in writing, fully, and, so far as we can see, correctly; and then, on application of defendant, gave an instruction or two in writing, but qualified one of the written instructions thus given by orally stating: "That this instruction should be taken in connection with the instructions before given by the court, and there should be added, 'unless the jury find that the defendant and the said Williams confederated together in the commission of the crime.'"    It is possible that, in this oral qualification of the instruction, the court did not keep fully within the limits of the statute, (*The State v. Potter*, 15 Kas. 302,) and yet the departure is so slight that we cannot think

the material and substantial rights of the defendant were seriously affected. Even if the record was fully and fairly before us, we should hesitate, upon so slight a ground, to disturb a verdict apparently just, or to set aside proceedings otherwise regular and fair. This is the only matter which, looking through the bill of exceptions, would raise any serious doubt in our minds; yet, for the reasons heretofore stated, there is no proper record before us, and therefore the appeal must be dismissed.

All the Justices concurring.