JOHN K. SAWYER v. C. H. FORBES, *et al.*

1. JUSTICE OF THE PEACE; *Practice.* In an action commenced in a justice's court against T. and other defendants, the plaintiff may dismiss as to any or all of the defendants, and after said motion is sustained by the court, plaintiff cannot assign said ruling on his motion to dismiss as error, and thereon have said judgment and ruling reversed on petition in error.

2. PETITION IN ERROR — *Hearing in District Court, When.* Where a petition in error is filed in the district court to reverse a judgment of a justice of the peace, said action stands regularly for hearing

at the next regular term of said court; but when the parties appear at an adjourned term of said court and present said petition in error to the court for hearing, and make no objections thereto, the district court at said adjourned term has jurisdiction to hear and determine said cause.

*Error from Barber District Court.*

THE case is stated in the opinion.

*Martin & Overstreet,* for plaintiff in error.

*Orner & Sample,* for defendants in error.

Opinion by CLOGSTON, C.: The record shows that this action was commenced by the plaintiff in error before a justice of the peace in Barber county, against M. C. Thompson, C. H. Forbes, R. G. Eckert, and John Pearson, for $45, for labor in erecting a bridge; that on the day for trial plaintiff and defendant Thompson appeared before the justice; that the other defendants made no appearance; that the plaintiff moved to strike the names of all the defendants from the docket except defendant Thompson, and Thompson agreed to said motion, and the motion was sustained by the justice; that the case was called for trial as between plaintiff, and defendant Thompson, and the justice found in favor of the defendant, and rendered judgment against the plaintiff for costs. The record contains none of the evidence given at the trial, and shows no motion for a new trial, nor any exceptions to any of the rulings, orders or judgment by either party. Said cause was taken by the plaintiff to the district court on petition in error. A summons in error was issued out of the district court on May 27, 1885—was returned June 1, and on July 15 (at the adjourned term for April, 1885) the case came on to be heard before F. E. Gillett, judge *pro tem.*, who affirmed the judgment of the justice of the peace. Plaintiff Sawyer brings the case here.

The only errors assigned by counsel for plaintiff in error in this court are, first, that the court erred in affirming the judgment of A. D. McCandless, justice of the peace; second, that the court erred in rendering judgment against the plaintiff at

said April adjourned term of said court. As to the first assignment of error, we find nothing in the record to warrant this complaint; and as to the second assignment of error, plaintiff is right. The action did not properly stand for trial at the adjourned April term of said court, but would stand regularly for its hearing at the next regular term of the court after the summons was issued; but the record fails to show that the plaintiff made any objection to the hearing at said adjourned term of the court, but appeared and presented his case without objection. This he might do if the defendant was willing, and by so doing they submitted their cause to the jurisdiction of the court. This having been done, the court committed no error in hearing the cause at said adjourned term. Yet, if this had been error, the plaintiff could not have complained. There was nothing for a court to do in the premises except to affirm the judgment of the justice of the peace.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.