48 477
49 232
48 477
51 164
51 194

---

G. V. POWERS v. J. D. McCUE, *as Judge of the Eleventh Judicial District.*

1. EXCEPTIONS — *Practice.* Exceptions must be reduced to writing at the term the decision is made.

2. CRIMINAL CASE — *Continuance — Bill of Exceptions.* After all of the proceedings of a criminal cause are concluded, except the passing of sentence, which, at the instance of the defendant, is continued to a subsequent term, such continuance does not carry with it the right to present and settle a bill of exceptions beyond the term at which the rulings were made and excepted to.

*Original Proceeding in Mandamus.*

THE opinion states the case.

*S. M. Porter*, for plaintiff.

The opinion of the court was delivered by

HORTON, C. J.: This is an application for a peremptory writ of *mandamus*, brought by G. V. Powers against Hon. J. D.

McCue, judge of the eleventh judicial district, to compel him to sign an alleged bill of exceptions in a criminal cause tried in the district court of Montgomery county, wherein the state of Kansas was the plaintiff, and G. V. Powers the defendant. Powers was convicted of a violation of the prohibitory liquor law of the state. The trial commenced on the 5th day of March, 1891 — the March term of the district court of Montgomery county for 1891. On March 6, the jury returned a verdict of guilty against Powers. On March 8, he filed his motion for a new trial. The motion was heard on the 28th of March, 1891, and overruled. On the same day Powers was called upon to answer why judgment should not be pronounced against him. He thereupon made application to the court for a continuance, and the court passed the rendition of sentence until the following June term. On the 22d day of June, 1891, Powers was sentenced to pay a fine of $100, and to be confined in the county jail of Montgomery county for 30 days. Immediately after sentence had been pronounced, he gave notice of appeal to this court. On the 26th day of June, 1891, during the June term of the court for 1891, Powers, by his attorney, S. M. Porter, Esq., presented what he claimed to be a bill of exceptions, purporting to contain the instructions and all of the evidence given upon the trial, together with his exceptions, and demanded that the district judge should settle and sign the same. The judge refused so to do, upon the ground that the bill of exceptions was not presented at the proper term of the court. The bill of exceptions was not presented at the March term of the court for 1891, at which term the decisions excepted to were rendered, and therefore, as no demand was made for the allowance of the bill until the June term for 1891, the presentation and demand were made too late. Section 300 of the civil code reads:

"The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term."

Section 219 of the criminal code reads:

"On the trial of any indictment or information for a crim-

inal offense, exceptions to any decision of the court may be made, in the same cases and manner provided by law in civil cases; and bills of exceptions shall be settled, signed and filed as now allowed by law in civil actions; and the same proceedings may be had to compel or procure the signing and sealing of such bills, and the return thereof, as in civil cases."

Under these provisions of the statute, the party objecting to the decision of a district court must not only except at the time the decision is made, but must reduce the exception to writing and present the same for allowance at the term the decision is excepted to—not beyond the term. (*Brown v. Rhodes,* 1 Kas. 339; *Gallaher v. Southwood,* 1 id. 141; *The State v. Bohan,* 19 id. 28; *The State v. Smith,* 38 id. 194.)

In the case of *The State v. Powers,* tried in the court below, all of the proceedings, except the judgment, were concluded at the March term of the court; therefore, as the motion for a new trial had been overruled at the March term, and as Powers knew he would be sentenced at the June term upon the verdict, there was no reason, independent of the statute, for delaying the presentation of the bill of exceptions beyond the March term.

In *Butler v. McMillen,* 13 Kas. 385, it is said in the opinion that "exceptions must be reduced to writing at the term." In Ohio, from the code of which ours was to a considerable extent borrowed, it has been ruled that the continuance of a motion for a new trial to a subsequent term does not carry with it the right to make a bill of exceptions as to the rulings upon the trial. (*Kline v. Wynne,* 10 Ohio St. 223; *Morgan v. Boyd,* 13 id. 271.) In the latter case it was decided that—

"Where a party presented his bill of exceptions for allowance, and also filed a motion for a new trial in the case during the trial term, and suffered his application and motion to be continued to the next term of court without objection, he thereby lost the benefit of his application for the allowance."

The peremptory writ prayed for against the district judge will be denied, with costs.

All the Justices concurring.