## P. V. HEALEY v. THE DEEPWATER CLAY COMPANY.

JUSTICE's COURT — *Review of Order* — *Practice*. Where a judgment has been rendered by a justice of the peace against a corporation, and afterward an execution has been returned "not satisfied," and afterward an order upon proper notice has been made by the justice of the peace under § 32, article 4, of the act relating to corporations, awarding an execution in favor of the plaintiff and against a stockholder of such corporation, an appeal will not lie from such order of the justice of the peace to the district court, but the order can be reviewed in the district court only upon a petition in error.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Dale & Wall*, for plaintiff in error.

*Geo. L. Douglass*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is as follows: After a judgment has been rendered by a justice of the peace against a corporation, and after an execution has been returned "not satisfied," and after an order upon proper notice has been made by the justice of the peace, under § 32, article 4, of the act relating to corporations, awarding an execution in favor of the plaintiff and against a stockholder of such corporation, will an appeal lie from such order of the justice of the peace to the district court? Said § 32 reads as follows:

"SEC. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

It appears that on July 20, 1888, the Deepwater Clay Company commenced an action before a justice of the peace of Sedgwick county against the Wichita Exposition & Interstate Fair Association for the recovery of $176.04 and interest. On August 6, 1888, a judgment was rendered in favor of the plaintiff and against the defendant for $180.50. Execution was issued thereon and returned not satisfied. The plaintiff then made its motion before the said justice of the peace for an execution against P. V. Healey as a stockholder of the defendant,

an alleged corporation. Proper notice was given and the motion was heard before the justice, and the justice awarded an execution against Healey. Afterward, and within 10 days, Healey filed an appeal bond, attempting to take an appeal to the district court. Afterward the Deepwater Clay Company filed a motion in the district court to dismiss the supposed appeal, upon the ground that no appeal will lie in such a case, and that the district court could not obtain jurisdiction to hear and determine the case; and the district court sustained the motion and dismissed the supposed appeal; and for the purpose of reversing this ruling of the district court dismissing such supposed appeal, Healey, as plaintiff in error, brings the case to this court, making the Deepwater Clay Company the defendant in error.

In our opinion the decision of the district court is correct. After the plaintiff in the justice's court had obtained its judgment, and after the execution against the defendant corporation was returned not satisfied, the plaintiff then had one or the other, at its option, of two remedies against the stockholders: one by a *motion* and the other by an *action*. Such remedies are as follows: One by a "*motion* in open court, after *reasonable notice* in writing to the person or persons sought to be charged, and upon such *motion* such court may *order* execution to issue accordingly; or [the other remedy], the plaintiff in the execution may proceed *by action* to charge the stockholders with the amount of his judgment." (See said § 32.) The plaintiff in the execution in the present case chose to proceed upon a *motion* and *notice*, and not by an *action* and a summons, and it procured only an *order* and not a *judgment.* Now is there any appeal from this *order?* The statute relating to appeals, § 120 of the justices' act, provides as follows:

"Sec. 120. In all cases, not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered."

This statute provides only for an appeal from a "*final judg-*

*ment,*" and there is no statute anywhere to be found providing for an appeal from a *final order,* or from any *order.* As to final orders, §§ 540, 543, of the civil code, provide as follows:

"Sec. 540. A judgment rendered, or a final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated, or modified in the district court."

"Sec. 543. An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

Now, Healey might have taken the ruling of the justice of the peace in the present case to the district court for review upon a petition in error, but he could not take the ruling or the case to the district court upon an appeal, for no statute can be found authorizing the same.

The judgment of the district court will be affirmed.

All the Justices concurring.