THE CITY OF SOUTH HAVEN V. WILLIAM CHRISTIAN.

BILL OF EXCEPTIONS, *When Part of Record.* A bill of exceptions, to
become a part of the record, must be presented, allowed, signed and
filed at the same term of court the decision is made.

*Appeal from Sumner District Court.*

THE opinion states the facts.

*D. N. Caldwell,* and *James Lawrence,* for appellant:

When this case was called for trial in the district court of
Sumner county, Kansas, the defendant objected to going to
trial, upon the ground that there was no original complaint
and warrant in said district court, certified by the police judge
to be the original.    This objection was by the court overruled,
and the police judge was permitted, in open court, and outside
of the corporate limits of the city of South Haven, and in
the city of Wellington, to act in his official capacity as police
judge, and attach a paper, alleged to be a certificate, to the
alleged complaint, to which the defendant, Christian, objected
and excepted.    This was prejudicial error to the defendant.
*The State v. Anderson,* 17 Kas. 89; *The State v. Anderson,*
34 id. 116; *The State v. Goodwin,* 33 id. 538.    The police
judge had no jurisdiction outside of the corporate limits of
the city of South Haven.    This court has repeatedly held that
a district judge could not act outside of his district, nor a jus-
tice outside of his township.    *A. T. & S. F. Rld. Co. v. Rice,*
36 Kas. 593, and cases there cited; *Dunn v. Travis,* 45 id. 541.

If neither a district judge nor a justice can act officially out-
side of his respective district or township, how can a police
judge so act outside the corporate limits of his city?    The cer-
tificate made by the police judge of the city of South Haven
in this case in open court, and within the corporate limits of
the city of Wellington, is a nullity.

The defendant thereupon moved to quash the alleged com-
plaint, on the ground that the same did not state any offense

against the ordinance of the city of South Haven. This alleged ordinance does not define any offense whatever; nor does it provide for the punishment of the alleged offense attempted to be set forth in the alleged complaint; nor does it show that it was ever properly enacted, or that it ever went into force. The objection of the defendant to the introduction of any evidence, on the ground that there was no valid ordinance of the city of South Haven providing for any such offense, should have been sustained.

The court erred in its instructions to the jury, and also in refusing to give the instructions asked for on the part of the defendant.

There was no evidence tending to show that the complaining witness had any knowledge whatever of the alleged offense; and under the law as laid down by this court, without such proof the city should not have been permitted to maintain this action. *The State v. Gleason*, 32 Kas. 245; *The State v. Hescher*, 46 id. 534, and cases there cited.

*F. A. Dinsmoor*, and *W. S. Whittinghill*, for appellee:

The objection of the defendant to going to trial because the police judge had failed to certify the complaint to be the original, as required by the statute of appeals, was indeed a pertinent objection as such; but he could not insist that he ought not to be brought to trial at all for that reason, if such certification could be unprejudicially made then and there. That the court, in the abundance of its discretion, can perfect an appeal by having the proper certification made, there can be no doubt. See *The State v. Anderson*, 34 Kas. 116. It is true this is an appeal from a police court, but we know of no rule which curtails the power and discretion of the district court in that regard in appeals from police courts.

We have examined authorities cited by appellant, viz., 17 Kas. 89; 33 id. 538, as well as 34 id. 116, and they are in no wise authority, except to strengthen the position of the appellee, namely, that the court may ( as was done in this case) perfect the appeal by having a proper certification of the

complaint made; but it is contended that this certification by a police judge cannot be done outside of the corporate limits of the city of South Haven, and the cases of *A. T. & S. F. Rld. Co. v. Rice*, 36 Kas. 593, and *Dunn v. Travis*, 45 id. 541, are cited as authority in support of the proposition.

We submit that the cases cited are not analogous.

Courts cannot act judicially outside of and beyond their territory and jurisdiction.

Where a complaint is positively sworn to, it is sufficient to place the defendant upon his trial, and it must be presumed, in absence of anything to the contrary, that he, the complaining witness, had such actual knowledge. See 33 Kas. 708, 712.

Appellee submits that appellant is entitled to no serious consideration in this case, because the bill of exceptions was not signed and settled as required by statute. See Civil Code, § 300; Crim. Code, § 219; 29 Pac. Rep. 686, and cases there cited.

The term of the district court of the nineteenth judicial district, at which the trial was had, ended with the last day before the first Tuesday in January, 1892, the beginning of the January term, 1892. See acts of 1889, p. 166. The trial of said cause was had on the 27th day of November, 1891, the same being a regular judicial day of .the November, 1891, term of said court. The case was not signed and settled until the 18th day of March, 1892. The record discloses no bill of exceptions presented or signed in said cause at any other time.

In view of the record as presented, and authorities cited, we submit that the appellant in this cause ought not to be sustained.

Opinion by GREEN, C.: William Christian was charged with selling intoxicating liquor in violation of an ordinance of the city of South Haven, in Sumner county. He was convicted in the police court of the city, and appealed to the district court, where he was again tried and convicted. The

trial in the district court occurred on the 27th day of November, 1891, at the November term of the court, which ended with the Monday before the first Tuesday in January, 1892. The defendant filed a motion for a new trial within the statutory time, but the hearing of the motion was continued from time to time until the 3d day of March, 1892, when the same was overruled. The bill of exceptions was signed by the judge of the district court on the 18th day of March, 1892, being one of the days of the January term of court. It is insisted by the appellee that the numerous errors assigned cannot be considered because the bill of exceptions was not settled and signed as required by § 300 of the civil code, and § 219 of the code of criminal procedure. The statute requires the party objecting to a decision to except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. The exception upon which error is predicated in this case occurred during the trial of the case, at the November term of the court. The continuance of the motion for a new trial would not carry the errors over to the next term of the court, so that they could be made available to the appellant; and a bill of exceptions signed after the final adjournment of the term at which the trial occurred cannot be considered as a part of the record. This court has passed upon this question in a very recent case, and held that exceptions must be reduced to writing, signed and filed at the same term of court the decision is made. (*Powers v. McCue*, 48 Kas. 477, 29 Pac. Rep. 686, and authorities there cited.)

There is nothing in the record which can be considered by us except the complaint and judgment. We are of the opinion that the former stated an offense and authorized the judgment of conviction. The judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.