HENRY MARTIN, *as Administrator of the estate of Lindley M. Carleton, deceased,* v. THE SOUTHERN KANSAS RAILWAY COMPANY *et al.*

BILL OF EXCEPTIONS — *Time of Signing* — *Record on Review.* Exceptions were taken to the rulings of the court in charging the jury, which were reduced to writing and presented to the court for allowance during the term at which the trial was had. A motion for a new trial was made, which was taken under advisement until the next term of the court, when it was denied, at which time the bill of exceptions previously tendered was allowed and signed. *Held,* That as the exceptions were not allowed, signed and filed until after the term of court at which the decisions objected to were made, they did not become a part of the record, and the errors predicated thereon are not available for review.

*Error from Franklin District Court.*

ACTION by *Henry Martin,* as administrator of the estate of Lindley M. Carleton, deceased, against the *Southern Kansas Railway Company* and the *Atchison, Topeka & Santa Fé Railroad Company,* to recover damages sustained by the death of the intestate, caused by a runaway team frightened by defendants' trains. There was judgment for defendants, and plaintiff brings error.

*J. W. Deford* and *C. B. Mason,* for plaintiff in error.

*Geo. R. Peck, A. A. Hurd, Robert Dunlap,* and *W. Littlefield,* for defendants in error:

The alleged errors cannot be considered by the court, because the pretended bill of exceptions, not being signed and filed at the trial term, constitutes no part of the record. See *Gallaher v. Southwood,* 1 Kas. 143; *Brown v. Rhodes,* 1 id. 359; *Lownsberry v. Rakestraw,* 14 id. 151; *Hallowell v. Milne,* 16 id. 65; *The State v. Bohan,* 19 id. 48; *The State, ex rel., v. Burrows,* 33 id. 14; *The State v. Smith,* 38 id. 194; *The State v. Schoenewald,* 26 id. 288; *City of South Haven v Christian,* 49 id. 229; *Powers v. McCue,* 48 id. 477; *Morgan v. Boyd,* 13 Ohio St. 271.

The opinion of the court was delivered by

JOHNSTON, J.: Action by Henry Martin, as administrator of the estate of Lindley M. Carleton, deceased, who was killed by his runaway team that were frightened by a passing railway train. It is alleged that his death was caused by the culpable negligence of the railroad company, and damages were asked in the sum of $10,000. A trial was had, with a jury, which returned a verdict in favor of the railway company. Exceptions were taken to the rulings of the court in charging the jury, and these exceptions are the only ones assigned as error. The defendants insist that they are not available and cannot be examined, for the reason that they have not been preserved and brought into the record as the code requires. The plaintiff has endeavored to preserve his questions by a bill of exceptions, but the record which he brings shows that the exceptions were not filed and did not become a part of the record during the term at which the rulings were made. It appears that after the verdict was returned the plaintiff filed his motion for a new trial, and tendered a bill of exceptions, requesting that it be signed and allowed. The motion for the new trial was taken under advisement by the court until the succeeding term, at which time it was denied, and the bill of exceptions was then signed, and ordered to be filed with the pleadings and made a part of the record. Under the repeated rulings of this court, the bill of exceptions was not filed within the time required by the code, and did not become a part of the record. Exceptions, to be available, must be made at the term at which the decision complained of was made, and must be reduced to writing, signed and filed during that term. (Civil Code, §§ 300, 303.) It appears in this case that the motion for new trial was filed within the statutory time, and that, within the term at which the cause was tried, the exceptions were reduced to writing and presented to the court for signing and allowance. The record does not show that any objection was made on the part of the plaintiff to a continuance of the motion for a new trial over the term, nor

to the postponement of the signing and filing of the bill of exceptions to the succeeding term. It is not enough that the exceptions were reduced to writing and presented to the court during the term, but they must also be allowed, signed and filed during the term of court at which the exceptions were taken. In *Brown v. Rhodes*, 1 Kas. 359, it was held that "a bill of exceptions filed out of term is no part of the record." A bill of exceptions must be allowed and authenticated in the manner and within the time prescribed by the code, and the time cannot be extended by the court or judge, even when the consent of counsel has been given. (*Gallaher v. Southwood*, 1 Kas. 143; *The State v. Bohan*, 19 id. 28, and cases cited.) In *The State v. Schoenewald*, 26 Kas. 288, a bill of exceptions was reduced to writing and signed during the term at which the exceptions were taken, but was not filed with the clerk until more than nine months after it was allowed and signed, and it was held that it never became a part of the record, and the points attempted to be preserved were not available as error. (See, also, *The State v. Burrows*, 33 Kas. 14; *The State v. Smith*, 38 id. 194.) The subject was again examined in *Powers v. McCue*, 48 Kas. 478, in a direct proceeding to compel the signing of a bill of exceptions, and the former rulings were sustained. In the still later case of *City of South Haven v. Christian*, 49 Kas. 229, 31 Pac. Rep. 154, the motion for a new trial was continued beyond the term of trial, as in this case, and the bill of exceptions was not presented or allowed until after the trial term, and it was held that —

"The continuance of the motion for a new trial would not carry the errors over to the next term of the court, so that they could be made available to the appellant; and a bill of exceptions signed after the final adjournment of the term at which the trial occurred cannot be considered as a part of the record."

Under these authorities, the exceptions taken by plaintiff are not properly a part of the record, and cannot be reviewed.

Judgment affirmed.

All the Justices concurring.