## The C. R. I. & P. Ry Co. v. E. O. Tompkins.

(Filed September 6, 1905.)

BILL OF EXCEPTIONS ALLOWED, WHEN—Justices Court—Practice—Appeal. A justice of the peace may allow, settle and sign a bill of exceptions in any case tried by him or in his court by a jury, without regard to the amount claimed by either party, and it is the duty of the district court to review the errors assigned in such bill of exceptions when presented by a proper transcript. Section 5053 of Wilson's Annotated Statutes of Oklahoma, which prohibits appeals in cases tried by a jury in a justice's court, where the amount claimed by neither party exceeds twenty dollars, has no application to cases taken to the district court by bill of exceptions, but applies only where the party seeks to take his case to such court by appeal and have the issues of fact retried.

(Syllabus by the Court.)

*Error from    the District    Court of    Greer    County; before
C. F. Irwin, Trial Judge.*

M. A. Low, Blake, Blake & Low, and Garrett, Garrett
& Wells, for plaintiff in error.

B. F. Van Dyke, for defendant in error.

Opinion of the court by

BURWELL, J.:    This case involves less than twenty dol-
lars.    It was tried in a justice's court before a jury.    The
appellant caused to be settled and signed a bill of exceptions,
filed a transcript of the proceedings in the district court,
and prayed a reversal of the judgment for alleged errors of
law.    The petition in error was dismissed by the district
court, under the theory that, as the case was tried by a jury
in the justice's court and neither party claimed more than
twenty dollars, it had no jurisdiction of the cause.

The provisions of the statute are plain, and settle the
disputed point.    It is true that in cases involving only twenty
dollars or less, section 5053 of Wilson's Annotated Statutes,
in effect, prohibits an appeal from a judgment of a justice
of a peace, where the trial has been had before a jury; but
this section includes appeals only, in virtue of which one is
entitled to have the issues of fact tried *de novo* in the district
court.    Where a jury of six men have passed upon the issues
of fact in a case involving not more than twenty dollars, pub-
lic policy perhaps dictates that the judgment rendered on their
verdict become final, and that the parties be denied another
trial of such facts.    This rule was recognized by the common
law, the courts assuming that the conclusion of the jury in
such a case was probably correct; but our legislature has
wisely refrained from making a decision of a justice of the

peace conclusive as to questions of law in any case. A wrong conclusion as to the facts affects only the particular case in which such issues are tried; while an erroneous rule of law operates an injustice in every other case of its kind. It is necessary that the laws of the territory be uniform and that cases, both large and small, of the same class, be tried by the same fundamental rules. This can only be done where errors of law may be reviewed by the higher courts, and finally by the court of last resort. The wisdom of such procedure is apparent, and the legislature has made ample provision therefor. Let us notice the language used in Wilson's Annotated Statutes:

Sec. 5034. "In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made part of the record of the cause."

Sec. 5035. "Bills of exceptions may be made, signed and sealed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed and sealed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

These statutes make no exception in cases tried by a jury involving only twenty dollars or less, but expressly allow bills of exceptions as to any question of law arising during the trial, and make it the duty of the justice to sign a bill of exceptions in *any case,* whether tried by the justice with or without a jury (*Stager v. Harrington,* 27 Kans. 414.) The right of the parties to the action and the duty of the

justice of the peace is plain. The power of the district court to review questions of law presented by a bill of exceptions is conferred by section 4732 of the statutes referred to, and is as follows:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

The provisions of this section are broad and include all cases, whether taken to the district court by appeal and a trial had of the facts *de novo,* or by a bill of exceptions and petition in error. The district court should have considered the record as presented, and determined the questions of law involved therein. Its failure to do so was error. The case will be reversed and remanded at the cost of appellee, with direction to proceed in conformity with the views expressed in this opinion.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.