## Maggert v. Keele.

No. 1951, Okla. T.　Opinion Filed April 13, 1908.

(95 Pac. 466.)

1. **JUSTICES OF THE PEACE—Appeal—Final Judgment—Retax-ation of Costs.** An order of a justice of the peace sustaining a motion to retax the cost, made on motion after judgment has been rendered in an action, is not a final judgment from which an appeal may be taken and a trial de novo had as provided by section 5044, Wilson's Rev. & Ann. St. Okla. 1903.

2. **SAME—Final Order—Review.** An order rendered by a justice of the peace sustaining a motion to retax the cost and retaxing the same is a final order, which may, under section 4732 of Wilson's Rev. & Ann. St. Okla. 1903, be reviewed by the district court upon petition in error setting forth the errors complained of.

(Syllabus by the Court.)

*Error from the District Court, Garfield County; before J. L. Pancoast, Judge.*

Action by W. W. Keele against Charley Maggert before a justice. Motion to retax costs, and defendant appealed. Appeal dismissed, and defendant brings error. Affirmed.

*Moore & Moore,* for plaintiff in error.
*Houston & Buckner,* for defendant in error.

HAYES, J.　This action arose before Frank J. Feger, a justice of the peace of Enid City township, Garfield county, in which court defendant in error was plaintiff and plaintiff in error was defendant. Plaintiff in error on the 29th day of September, 1904, filed before said justice of the peace his motion to retax the cost in said cause, and on the same day said motion was sustained by the court, and the cost was retaxed, but not, however, as prayed for in said motion. Plaintiff in error appealed from the order of the justice court sustaining his motion to retax the cost to

the district court of Garfield county, in which court there was filed on the 20th day of October, 1904, a transcript of the record of said justice of the peace before whom said motion was heard, which said transcript sets out the proceedings had upon said motion and the order made thereon, and with said transcript was filed the motion to retax the cost, also a receipt executed by the said Frank J. Feger, justice of the peace, acknowledging receipt of the sum of $12 paid by plaintiff in error to be applied on the payment of the judgment in said cause and in payment of a portion of the cost therein, but no part of said amount to be applied upon the cost not mentioned in said receipt. At the same time there was also filed in the district court a bill of costs in the justice court. No appeal was taken from the judgment in the main action. On the 23rd day of May, 1905, the cause came on to be heard before the district court of Garfield county, and plaintiff in error objected to the introduction of any testimony on the ground that the order of the justice of the peace sustaining said motion to retax the cost and retaxing the same is not an appealable order, which motion the court sustained, and the appeal was dismissed, to which order of the court the plaintiff in error saved his exceptions. The action of the court in dismissing said appeal is the only question presented to this court for consideration.

Section 5044 of Wilson's Revised Statutes of Oklahoma provides:

"In all cases, not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered."

Section 5053 of said statutes is as follows:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession. Second, in jury trials, where neither party claims in his bill of particulars a sum exceeding twenty dollars."

Under the provisions of these sections of the statute, an appeal may be taken by the defeated party from the final judgment in any action before a justice of the peace except judgments rendered on confession, or in actions where the amount claimed in the bill of particulars is a sum not exceeding $20.

Section 5046 of Wilson's Rev. & Ann. St. 1903 provides that an appeal taken under section 5044, *supra,* may be perfected upon the filing and approval of an appeal bond, and that upon such appeal a trial *de novo* shall be had. It is the contention of plaintiff in error that the order of the justice of the peace sustaining his motion to retax costs and retaxing the same is a final judgment from which an appeal may be taken as provided in section 5044 *et sequentia*; and, having filed his appeal bond, contends that he is entitled to a trial *de novo* on his appeal in the district court.

No brief has been filed by the defendant in error, but the record discloses that the trial court did not regard said order as a "final judgment" from which an appeal could be taken as provided by said section 5044. The Code of Civil Procedure, of which said sections form a part, was adopted by the territory of Oklahoma from the state of Kansas, and said section is in the exact language of the section of the Kansas statute upon the same question. Mr. Justice Valentine, in *Roll, Thayer, Williams & Co. v. Murray,* 35 Kan. 171, 10 Pac. 472, in discussing what judgments or orders of a justice of the peace are included in "final judgments," as used in section 5044, said:

"It will be seen that an appeal can be taken only from a 'final judgment,' and the appeal can be taken only after the 'judgment' has been rendered, and only within ten days after the 'judgment' has been rendered, and the amount of the appeal bond must not in any case be 'less than double the amount of the judgment and costs.' And when the case is taken to the district court on appeal, it 'shall be tried *de novo* in the district court upon the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made or new pleadings to be filed.' (Justice's

Code, No. 122.)    There is no provision in the statutes for taking an appeal from the order of a justice of the peace in any provisional remedy or in any ancillary proceeding, and no provision anywhere for retrying in the district court upon an appeal from a justice of the peace, any question that pertains only to some provisional remedy or to some ancillary proceeding. The appeal is from a final judgment only, and from a judgment on the merits only, and the trial afterward to be had on the appeal is only upon the merits."

It cannot be contended that the order of the justice of the peace in this case sustaining the motion to retax the costs and retaxing the same is a judgment upon the merits of the case in which said motion was filed. Section 4732 of Wilson's Revised Statutes of Oklahoma is as follows:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

Sections 5034, 5035, and 5036 of said statutes of Oklahoma provide that in all cases which shall be tried by a jury or before a justice of the peace, without a jury, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause, and that the justice shall allow and sign, upon request from either party, a bill of exceptions containing such exceptions, and it is provided by said sections what said bill of exceptions shall contain.

Section 5113 of said statutes provides:

"The provisions of an act entitled 'An act to establish a Code of Civil Procedure,' which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

It has been held by the Supreme Court of Kansas, from which state the territory of Oklahoma adopted this statute, that under sections 5034, 5035, 5036, and 5113, a judgment or final order of a justice of the peace may be reviewed by proceedings in error

from the courts of the justices of the peace to the district court upon the appealing party's filing in the district court his petition in error with his bill of exceptions thereto attached. Burdick on New Trials and Appeals, 18; *Jackson v. Stoner*, 17 Kan. 605; *Sawyer v. Forbes et al.*, 36 Kan. 612, 14 Pac. 148; *Rice v. Harvey*, 19 Kan. 144; *C., R. I. & P. Ry. Co. v. Thompkins*, 15 Okla. 595, 82 Pac. 832.

The Code of Civil Procedure of the territory of Oklahoma therefore provides two methods of appeal from a final judgment rendered by a justice of the peace, except from the judgments excepted by section 5053, *supra*. An appeal may be taken under section 5044, *supra*, and a trial *de novo* had, or an appeal may be taken by petition in error, and the errors of law appearing upon the face of the record may be inquired into and the judgment of the justice court may be reversed, modified, or affirmed.

In *Healey v. Deepwater Clay Co.*, 48 Kan. 617, 29 Pac. 1088, the Supreme Court of Kansas held that there is no appeal from a final order under section 5044, *supra*, but that an appeal from such order must be taken under section 4732. If the order of the justice of the peace in the case at bar, sustaining the motion to retax the costs and retaxing the same, is a final order instead of a final judgment, then no appeal from the same could be taken in the manner that was attempted by plaintiff in error, and the action of the district court in dismissing same was not error.

Section 4732 of the statutes of Oklahoma defines the term "final order," as used in the article on Civil Procedure, in the following language:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this article."

In the case of *Board of Commissioners of Wilson County v. Thomas McIntosh et al.*, 30 Kan. 234, 1 Pac. 572, plaintiffs had

commenced two actions to have certain tracts of land subjected to sale for taxes, penalties, and cost. After judgment and sale in such actions, the sheriff claimed and appropriated certain of the money received as his cost. The plaintiff filed a motion in each action to have the cost retaxed, which motions were overruled, but no effort was made on the part of the plaintiffs to have the action of the court overruling the same reviewed, but they instituted an independent action against the defendant for the amount. Defendant pleaded that the order of the court overruling the motion to retax the cost was *res judicata* in the independent action. Mr. Justice Brewer, who delivered the opinion of the court sustaining the contention of defendant, speaking of the effect of said motions to retax the costs and of the action of the court thereon, said:

"Again, the decision of the motion was an order affecting a substantial right made upon a summary application in an action after judgment, and therefore a final order and subject to review in this court."

By this decision an order of the court upon a motion to retax the cost in an action after judgment is brought within the language of section 4735, *supra*, defining "final order," as used in the article on Civil Procedure of Wilson's Revised Statutes of Oklahoma, and is not an order from which an appeal would lie and a trial *de novo* be had in the district court on such appeal, but is one which could be reviewed by the district court upon a petition in error.

We are aware of the fact that some courts have defined a motion to retax cost as being neither a "special proceeding" nor a "summary application" in an action after judgment (*Ernst v. The Steamer Brooklyn*, 24 Wis. 616) ; but it is held in that case that such a motion or an order thereon does not involve the merits of the action, and hence is not such a judgment of the justice of the peace as, under the rule announced in *Roll, Thayer, Williams & Co. v. Murray, supra*, and *Healey v. Deepwater Clay Co., supra*, would be appealable under section 5044, and if the plaintiff in

error desired the same reviewed in the district court, his remedy was to take the same to the district court on petition in error.

Plaintiff in error has cited many authorities in his brief to support his contention in this case, all of which we have carefully revewed. Most of the cases cited, however, are based upon statutes, the language and provisions of which are not the same as the statutes governing in this case, and since the decision of the Supreme Court of Kansas, from which state said statutes were adopted, should govern in this case, we find no error in the record, and the judgment of the district court dismissing the plaintiff in error's appeal is affirmed.

All the Justices concur.