## PATTEN v. CAGLE.

No. 1418. Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 154.)

1. **JUSTICES OF THE PEACE**—Review of Decisions—Appeal—Constitutional Provisions. Article 7, sec. 14, of the Constitution, until otherwise provided by law, authorizes but one method of appeal from judgments of justice of the peace courts to the county courts, upon the hearing of which a trial de novo shall be had upon questions both of law and of fact.

2. **SAME.** Sections 5034-5036, Wilson's Rev. & Ann. St. 1903, being sections 6376-6378, Comp. Laws 1909, providing for a proceeding in error by bill of exception from judgments of justices of the peace on questions of law, being repugnant to section 14 of article 7 of the Constitution of this state, were not extended over and put in force by section 2 of the Schedule to the Constitution.

(Syllabus by Brewer, C.)

*Error from Cherokee County Court;*
*J. T. Parks, Judge.*

Action between E. B. Patten and Allen Cagle. From the judgment, Patten brings error. Affirmed.

*B. L. Keenan,* for plaintiff in error.

*Couch & McMichael,* for defendant in error.

Opinion by BREWER, C. This case presents error from the county court of Cherokee county. The case was tried in a justice of the peace court. A bill of exceptions, was allowed by the justice, and the same was filed in the county court December 6, 1909. The county court, on motion, dismissed the case, on the ground that it did not have jurisdiction, as no appeal had been taken as provided by law.

The trial court held that sections 6376-6378, Comp. Laws 1909, providing for a proceeding in error from courts of justices of the peace, were not put in force by section 2 of the Schedule to the Constitution, the same being repugnant to section 14, art. 7, of the Constitution; the said section and article of the Constitution providing a complete and exclusive method of appeal from such courts. A determination of the correctness of the conclusion of the trial court, above stated, determines this case.

The sections of the statute relating to proceedings in error from courts of justices of the peace are in Comp. Laws 1909, and are as follows:

"Sec. 6376. In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made part of the record of the cause.

"Sec. 6377. Bills of exception may be made, signed and sealed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill

may be signed and sealed at any time within ten days from the day on which judgment is given in the action, and not thereafter.

"Sec. 6378. In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions and decisions of the justice of the peace thereon; and the whole of the evidence given or so much as may be necessary to preserve the point or points raised and decided on the trial, and the rulings and decisions of the court and exceptions made thereto on the trial."

These provisions are found in Wilson's Rev. & Ann. St. 1903, secs. 5034-5036 respectively, and if in force here it is because they were put in force by section 2 of the Schedule to the Constitution.

Section 14, art. 7, of the Constitution, is as follows:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals, from judgments of the justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justices of the peace to such county court, there shall be a trial *de novo* on questions of both law and fact."

The provisions of the statute referred to were part of the Kansas Code adopted by the Legislature of the territory of Oklahoma, and it is not questioned but that they were in force prior to statehood, and that the opinion of the justice of the peace could be reviewed, as to questions of law, by bill of exceptions prosecuted thereunder. This was so held by the Supreme Court of Kansas. Burdick on New Trials and Appeal, 18; *Jackson v. Stoner*, 17 Kan. 605; *Sawyer v. Forbes et al.*, 36 Kan. 612, 14 Pac. 148; *Rice v. Harvey*, 19 Kan. 144. The same was held by the Supreme Court of Oklahoma Territory. *Chicago, R. I. & P. R. Co. v. Tompkins*, 15 Okla. 595, 82 Pac. 832. This court sustained the statutes in a case arising, and in which the proceedings in error were filed, before statehood. *Maggert v. Keele*, 20 Okla. 681, 95 Pac. 406.

That the sections of the statute authorizing a proceeding in error from courts of justices of the peace are repugnant to article 7. sec. 14, of the Constitution, and were therefore not

extended over and put in force in this state by section 2 of the Schedule to the Constitution is clearly indicated, if not specifically decided, in the case of *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, in a case arising since statehood.   From the body of the opinion, we quote:

"Under the Code of Civil Procedure in force in the territory before the admission of the state, there were two methods of appeal from a final judgment rendered by a justice of the peace, where such judgments were appealable:   An appeal could be taken under section 5044, Wilson's Rev. & Ann. St. 1903, and a trial *de novo* had; or an appeal could be taken by a petition in error, and only errors of law appearing upon the record could be inquired into, and the judgment of the justice court reversed, modified, or affirmed.   *Maggart v. Keele,* 20 Okla. 681, 95 Pac. 466.   Upon the admission of the state, section 14, art. 7, of the Constitution, became effective.   That section provides that, until otherwise provided by law, appeals from judgments of justices of the peace shall be taken to the county court, and that there shall be in all such appeals a trial *de novo* on questions both of law and fact.   No change had been made in this provision of the Constitution at the time of the trial in the justice court in the instant case."

We think the language of article 7, sec. 14, of the Constitution, admits of but one construction, *i. e.,* that but one method of appeal from judgments of justices of the peace courts should be allowed, and that upon such appeal the case should be tried *de novo* upon all questions, both of law and fact.   This would preclude the idea of bringing up simply questions of law by bill of exceptions.

There being no error in the judgment of the county court in this case, the cause should be affirmed.

By the Court:   It is so ordered.