### DAVID IRWIN ET AL. v. J. B. DAVENPORT.

#### No. 7406.

1.   **Citation in Forcible Entry and Detainer.**—When a defendant in an action of forcible entry and detainer appeals to the County or District Court he is fully apprised of the nature of the action he is called upon to defend.   He can not, therefore, raise the regularity of the citation on appeal.

2.   **Complaint in Forcible Detainer.**—The complaint in the Justice Court charged that the defendants "unlawfully detain in their possession and from the possession of plaintiff * * * certain lands * * * the property of plaintiff, and without his consent and after demand. * * * That said defendants entered said premises by permission from Sam H. Davenport, former owner, heretofore, to-wit, on the —— day of December, 1887, under stipulation that said premises should be restored to him on demand, which agreement was in writing and is in possession of defendants, and which writing said defendants are here notified to produce on the trial of this case; that heretofore, on the 13th day of December, 1888, plaintiff purchased said lands and tenements from said Sam H. Davenport, and became then and is now the owner thereof, entitled to the possession of the same." The premises were described, and the formal parts were not objected to.   *Held:*

1.   The complaint was sufficient under the statute.

2.   It was competent to prove that the defendants had entered upon the premises in the summer or fall of 1887, and that the written license was executed in December, although dated by mistake November 3, 1887, the variance being immaterial.


APPEAL from Medina.   Tried below before Hon. T. M. PASCHAL. No statement is necessary.


*W. N. Parks* and *B. B. Rose,* for appellants.—1. The citation issued in the cause in the Justice Court is clearly and materially defective, in that it contains no description of the property that appellants are charged with forcibly detaining.

2.   If the citation was defective, then the refusal to quash in the Justice Court was not remedied by a trial de novo in the District Court,

because issues are formed in the court a quo and not in the appellate court.

3. The court erred in overruling appellants' exceptions to the sufficiency of the complaint in this cause. Said complaint was evidently predicated upon the third subdivision of article 2440, Revised Statutes; said complaint being fatally defective in not stating with sufficient certainty and definiteness the facts which entitled complainant to the possession of the premises sued for, and to authorize the action under said third subdivision of article 2440, Revised Statutes; the said complaint nowhere alleging any lease, or any determination thereof or willful holding over, or any facts equivalent thereto. Cooper v. Marchbanks, 22 Texas, 1; Gulledge v. White, 73 Texas, 498; Yarbrough v. Chamberlain, 1 Ct. App. C. C., sec. 1122; Engel v. Brown, 2 Ct. App. C. C., sec. 103.

4. The court erred in allowing the writing of date November 3, 1887, signed by S. H. Davenport, to be introduced in evidence; because the said writing was alleged in complaint to have been contemporaneous with the entry into possession of the premises in controversy by the appellants, while the proof showed that such instrument was executed and delivered long after such entry, and in no way sustained or corresponded with the allegations in said complaint, but was variant therefrom utterly.

*Powell & De Montel,* for appellee.—1. Defendant can not on appeal from Justice to District Court urge the insufficiency of the citation, the trial in the District Court being de novo. Boaz, Marklee & Co. v. Paddock, 1 Ct. App. C. C., secs. 39, 40; Railway v. McTiegue, 1 Ct. App. C. C., sec. 459.

2. The complaint states with sufficient certainty the facts which entitle appellee to the statutory remedy of forcible detainer. Steel v. Steel, 2 Ct. App. C. C., secs. 345, 346.

3. The allegation in the complaint that appellants entered said premises on the —— day of December, 1887, under a written contract, etc., will admit proof of a writing dated 3d day of November, 1887, the issue being the identity of the contract under which appellants entered, its date being explained as of December 3, 1887.

GAINES, ASSOCIATE JUSTICE.—This is an action of unlawful detainer, and was brought in a Justice Court of Medina County, by appellee against appellants. There was a judgment for appellee in that court, as well as in the District Court, to which an appeal was taken.

The defendants made a motion in the Justice Court to quash the citation, which was overruled. The motion was renewed in the District Court, but was again refused. The action of the District Court in this particular is assigned as error. The court did not err in its ruling.

The object of a citation is merely to give the defendant notice of the suit that is brought against him. When he brings his case by appeal to the County or District Court, he is fully apprised of the nature of the action he is called upon to defend, and may make his defense de novo. It would therefore subserve no good purpose, but would cause unnecessary delay, to quash a citation which the justice ought to have quashed, and to require that the defendant be cited anew. It has accordingly been repeatedly decided that he is not entitled to such relief. Sheldon v. San Antonio, 25 Texas Sup., 177; Perry v. Rohde, 20 Texas, 729; Boaz v. Paddock, 1 Ct. App. C. C., sec. 39.

It is also complained, that the court erred in overruling defendants' exceptions to the complaint. This assignment is equally untenable. The complaint describes the premises for the recovery of which the suit was brought, and alleges that the defendants entered under a written contract with plaintiff's vendor, in which they stipulated that they would yield possession of the demised premises upon the lessor's demand; that the plaintiff had bought the property of their landlord and had made a demand in writing of them for possession, and that it had been refused. The complaint, in our opinion, complies with the statute.

The complaint contained the following allegation: "That said defendants entered said premises by permission from Sam H. Davenport, former .owner, heretofore, to-wit, on the —— day of December, A. D. 1887, under stipulation that said premises should be restored to him on demand, which agreement was in writing," etc. The testimony showed that the defendants went upon the premises by the permission of the owner in the summer or autumn of 1887, and that the written agreement, though dated November 3, was really executed and delivered on the 3d day of December. The court permitted the plaintiff to read the agreement in evidence, over the objections of defendants. The ground of objection was, that there was a variance between the allegation and proof. The objection was not well taken. A party is not confined to proof of time alleged in his pleading. Although the execution of the writing and the entry were averred to have taken place at the same time, and it appeared that the defendants were in possession at the time the agreement was in fact signed and delivered, there was no substantial variance between the allegations and the evidence. The substantial fact was, that the defendants were in possession under the written lease, and it was unimportant whether they were there before its execution or not. Being in possession when the lease was executed, constructively they entered at that time.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 6, 1892.