THE AULTMAN-TAYLOR MACHINERY COMPANY, *a Corporation,* v. J. C. CALDWELL AND EDWARD KOOCH, *copartners, doing business under the name and style of* CALD-WELL AND COMPANY.

(Filed September 3, 1904.)

PRACTICE—Dismissal of Case—Should be Reinstated, When. When a cause is dismissed for want of prosecution, and an application is filed to vacate such order and reinstate the case on the ground of unavoidable casualty, which the party could not have reasonably foreseen, the trial court should exercise a wise discretion in the interest of justice; and when it clearly appears by affidavits of responsible persons that the party was unavoidably absent from the trial; that his defense was meritorious; that he appeared within twenty-five minutes after the time set for the trial, and before court adjourned; and that he was absent by reason of the lateness of a train, which, had it been run on schedule time would have enabled him to carry out his intention of arriving in the court room two hours earlier than he did, the case should be reinstated.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before Clinton F. Irwin, Trial Judge.*

*Blake, Blake & Beeks,* for plaintiff in error.

*Edward Blaich,* for defendants in error.

Opinion of the court by

BURWELL, J.: This case was dismissed for want of prosecution, and on application duly verified the trial court refused to reinstate it, and hence this appeal. The ·attorney for appellant, Mr. E. E. Blake, resided at the city of El Reno, and the train was scheduled to leave that place for Washita, which is four miles from Arapahoe, the county seat, at 3:40 a. m., and to arrive at Washita at 6:05 a. m. on the same day, making it possible to reach Arapahoe by 7 a. m., by driving from Washita. On the morning in question the train was late, and although the appellant's attorney traveled as fast as he reasonably could he did not arrive at the court room in Arapahoe until 9:25 a. m. and, upon making en-·quiry, was informed that the court had finished the business for the day, and that his case had been dismissed some ten minutes before. Counsel then filed an application to rein-state, setting up all of the facts, and further showing that his client had a meritorious defense, and that appellant was ready for trial. The application was overruled. We think it should have been granted. Under all of the circumstances, ·counsel had allowed himself reasonable time to arrive at Arapahoe for the trial; and in the absence of any showing ·on the part of the appellee to the effect that the trains were irregular and could not reasonably be relied upon to run on time, the showing of the appellant must be taken as true.

The judgment of the lower court is hereby reversed, and the case remanded with direction to sustain the applica-tion to set aside the order of dismissal, and grant a new trial at the cost of appellee.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.