## GULF PIPE LINE CO. v. VANDERBERG.

No. 596.    Opinion Filed May 9, 1911.

(115 Pac. 782.)

1.    **CORPORATIONS—Foreign Corporations—Service of Process.** The service of summons upon a foreman of a pipe line company, a foreign corporation, is unauthorized by the statute, and is void.

2.    **JUSTICES OF THE PEACE—Issuance and Service of Summons—Irregularity—Waiver by Appeal.** A defendant in an action in a justice court upon whom a defective service of process has been made, although he appears specially for the purpose of challenging the service and the court's jurisdiction of his person, and thereafter, without waiving his special appearance, proceeds to the trial upon the merits, if he appeals from a judgment of

the justice court against him to the county court, where a trial de novo upon questions both of law and fact must be had, by taking the appeal he waives all irregularities in the issuance and service of summons in the justice court; and he cannot thereafter be heard to question the same or to deny the appellate court's jurisdiction of his person.

(Syllabus by the Court.)

*Error from Choctaw County Court; W. T. Glenn, Judge.*

Action by A. M. Vanderberg against the Gulf Pipe Line Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was originally instituted on the 20th day of April, 1908, by defendant in error in a justice court of Choctaw county to recover damages alleged to have been sustained by him by reason of certain negligent acts of plaintiff in error, a foreign corporation. A summons was issued and served upon plaintiff in error's foreman. Thereupon defendant entered a special appearance in the justice court, and moved to quash and set aside the service of the summons and the constable's return thereof. Its motion was overruled by the court, and the cause, after answer of plaintiff in error, proceeded to trial, which resulted in a judgment in favor of defendant in error, from which an appeal was taken by plaintiff in error to the county court. In the county court plaintiff in error filed a motion to strike from the files the papers in the cause, and to dismiss the action, for the reason that the court was without jurisdiction of its person. This motion was by the court sustained, but thereafter a motion of defendant in error to set aside the judgment of dismissal and reinstate the cause was granted and the cause was continued for service, whereupon summons was issued and served upon plaintiff in error's duly designated agent for service. Plaintiff in error renewed its motion to quash the proceedings in the county court and strike from the files thereof the papers in the cause and to dismiss the action. Its motion was by that court overruled, and a trial of the cause again resulted in judgment in favor of the defendant in error. To reverse that judgment, this proceeding is prosecuted.

*Thomas C. Humphrey,* for plaintiff in error.

*J. L. Dickson,* for defendant in error.

*Chas. B. Ames* and *William C. Scarritt, amici curiae.*

HAYES, J. (after stating the facts as above). The principal assignments of error necessary to be considered are those that challenge the jurisdiction of the justice court and of the county court of the person of plaintiff in error.

Section 1227 of Wilson's Rev. & Ann. Statutes provides that a foreign corporation doing business in the state shall appoint an agent who shall reside at some accessible point in the state, in the county where the principal business of the corporation is carried on, or at some place in the state, if the corporation has no place of business, who shall be authorized to accept service of process, and on whom service of process may be had in any action in which the corporation may be a party. In *Bes Line Const. Co. v. Schmidt,* 16 Okla. 429, 85 Pac. 711, it was held that, where a foreign corporation other than a railroad or stage company has complied with the provisions of the foregoing statute by appointing an agent in the state for service of process, service of process must be had upon such agent; and, when made upon any other person, it is irregular. The court in that case did not refer to, and seems not to have considered, sections 4267, 4268, and 4274 of Wilson's Rev. & Ann. Statutes 1903. Section 4267 provides that acknowledgment of service on the back of the summons or voluntary appearance shall be equivalent to service. Section 4268 authorizes a summons against a corporation to be served upon the president, mayor, chairman of the board of directors, or trustees or other chief officer; or, if a chief officer is not found in the county, then upon its cashier, clerk, or managing agent. And section 4274 reads as follows:

"Where the defendant is a foreign corporation, having a managing agent in this state, the service must be upon such agent."

If we assume without deciding that these sections apply to service upon foreign corporations of the character of plaintiff in

error, still the service of the summons in the justice court must be held defective, for the reason that none of these sections provide for a service upon a foreman.

This cause is now before us on a rehearing. At the original hearing we were of the opinion that plaintiff in error by filing his appeal bond and appealing to the county court from the judgment of the justice court thereby invoked the jurisdiction of the county court for a trial *de novo* upon all questions both of law and fact, entered a general appearance, and waived all irregularities in the service of summons in the justice court. After a reexamination of the authorities presented at the original hearing and of additional authorities cited on the rehearing with other authorities brought to our attention by our own independent research, we are still of the opinion reached at the original hearing; but, on account of some inaccurate statements in the original opinion as to the existing status of the law governing appeals from justice courts to the county courts, we have decided to substitute this opinion for the one written and filed at the original hearing.

Under the Code of Civil Procedure in force in the territory before the admission of the state, there were two methods of appeal from a final judgment rendered by a justice of the peace, where such judgments were appealable. An appeal could be taken under section 5044 of Wilson's Revised and Annotated Statutes and a trial *de novo* had, or an appeal could be taken by a petition in error, and only errors of law appearing upon the record could be inquired into, and the judgment of the justice court reversed, modified, or affirmed. *Maggart v. Keele*, 20 Okla. 681, 95 Pac. 466.

Upon the admission of the state, section 14, art. 7, of the Constitution, became effective. That section provides that, until otherwise provided by law, appeals from judgments of justices of the peace shall be taken to the county court, and that there shall be in all such appeals a trial *de novo* on questions both of law and fact. No change had been made in this provision of the Constitution at the time of the trial in the justice court in the

instant case and the taking of the appeal therefrom to the county court. *Chicago Bldg. & Mfg. Co. v. Pewthers*. 10 Okla. 724, 63 Pac. 964, *Chicago Bldg. & Mfg. Co. v. Kerby*, 10 Okla. 730, 63 Pac. 966, *Jones v. Chicago Bldg. & Mfg. Co.*, 10 Okla. 628, 64 Pac. 7, and the *Bes Line Const. Co. v. Schmidt, supra*, have been cited by plaintiff in error in support of his contention that a defendant upon whom there has been a defective service of summons may make special appearance and move to quash such service, and, after the same is overruled, go to trial upon the merits, and, after judgment has been entered against him, appeal to the county court for a trial *de novo* without waiving the irregularities in the service of summons. None of these cases cited are directly in point. The Kirby case and the Jones case present the same facts, and involve the same question as the Pewthers case, and are founded upon it. In the syllabus to the Pewthers case the court said:

"Where the court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overrules his motion to such jurisdiction, he may save his exception, file his answer, and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court."

That action had been originally instituted in a justice of the peace court, and the justice court attempted, upon change of venue, to transfer it to the probate court of the county. In the probate court defendant objected to the jurisdiction of that court on the ground that the law did not authorize a change of venue from the justice court to the probate court. This contention was by the probate court overruled, whereupon defendant, whose appearance up to that time had been special for the purpose of calling the attention of the court to its jurisdiction, filed his answer and proceeded to trial and after judgment against him appealed to the district court where he was entitled to and had a trial *de novo*. In the district court he moved for dismissal of

the action, but his motion was overruled. The Supreme Court held this action of the district court error and announced the rule stated in the foregoing syllabus; but want of jurisdiction of the person of defendant in the probate court was not the sole question involved. The exact question involved in that case is clearly defined in the opinion by Mr. Justice Burwell in the following language:

"It is true that the probate court had jurisdiction of the subject of the action—that is, the matter in controversy was such a cause as could be tried in that court if commenced in the proper manner—but the court did not have jurisdiction over that particular cause or of the person of the defendant. The justice before whom the action was commenced acquired jurisdiction over that particular case, and it was impossible for him or the parties or all of them to transfer that jurisdiction to any one except another justice, unless an appeal was taken to the district court. Jurisdiction of courts of limited powers is conferred, not by consent of parties, but by express statutory law; and there is no provision of our statutes by which a case can be transferred from a justice of the peace to a probate court."

It will be seen from the foregoing language in the opinion that what the court had in mind was that the probate court could not acquire jurisdiction of the subject-matter of that action in the manner it was attempted to be conferred upon it. It is true that in a subsequent part of the opinion reference is made to the rule to the effect that by pleading to the merits or participating in the trial of a cause after a motion under special appearance to the jurisdiction of the court over the person as well as of the particular case has been overruled does not waive such jurisdictional question, and cites in support of this rule *Bentz et al. v. E. Eubanks,* 32 Kan. 321, 4 Pac. 269, and *Dickinson v. B. & M. R. Co.,* 43 Kan. 702, 23 Pac. 936. But in neither of these cases was there an appeal which entitled the appellant to a trial *de novo.* The appeal in *Bentz v. Eubanks, supra,* was a proceeding in error from a district court to the Supreme Court. *Dickerson v. B. & M. R. Co., supra,* involved, it is true, an appeal from a justice court, wherein there was no legal service of sum-

mons, but the appeal from the justice court to the district court was taken on error to the district court where the judgment of the justice court was reversed for errors committed by the justice court; and no trial *de novo* was had or could have been had under that procedure. Many of the courts, including the Supreme Court of the United States, follow the rule that, after objections under a special appearance to irregularities in the service of process have been overruled, a defendant may plead and go to trial upon the merits without waiving such irregularities, and does not thereby waive the right to have such errors of the trial court reviewed upon appeal. But in the class of appeals where no trial *de novo* can be had there is much division of the authorities. It is probable that the weight of authority is against this rule; and, where on appeal a trial *de novo* is had, the rule supported by almost all the decided cases is stated in 2 Ency. of Plead. & Prac. p. 614, as follows:

"And, where the object of an appeal is to try the case anew in the appellate court on its merits, and not to review errors, the taking of an appeal is equivalent to an appearance and gives the appellate court jurisdiction over the person, whether the service of the process before the inferior court was sufficient for that purpose or not."

*Deering & Co. v. Venne,* 7 N. D. 576, 75 N. W. 926, is in point. Until shortly prior to the appeal from the justice court in that case, there had existed in that state a statute authorizing two methods of appeal from judgments of justices of the peace courts, by one of which errors of law alone could be reviewed and by the other a trial *de novo* had. This statute, however, had been amended before the institution of the appeal in that action so as to provide that in all such appeals the cause should be tried anew in the district court in the same manner as actions commenced therein. In that case it was held that the defendant by the appeal invoked a trial anew upon the merits of the case, and by doing so necessarily submitted to the jurisdiction of the appellate court over his person, and could not be heard to deny such jurisdiction on appeal. Referring to the criticism that this rule in effect

denies the right of appeal to a defendant upon whom an invalid service has been made, the court said:

"The right of appeal is a statutory right, and, being such, it is competent for the Legislature, not only to regulate the manner of appeals, but to deny the right for some purposes, and confer it for others. With the expediency of any such legislation the courts have nothing to do. A party is not, however, remediless in a case where no appeal is allowed. A judgment entered without jurisdiction may be attacked in various ways. The most usual mode is to resort to the writ of certiorari. This writ will be available in a case where no appeal is allowed, and where the law affords no other plain, speedy and adequate remedy."

In *Foster v. Borne et al.,* 63 Ohio St. 169, 58 N. E. 66, the statute involved regulating appeals from justice courts was similar to the statute existing in this jurisdiction before the admission of the state. Denying the right of a defendant who had appealed by the·method entitling him to a trial *de novo* in the court to question the irregularity of service of summons in a justice court, in the opinion it was said:

"A petition in error is a new action to reverse the judgment below, but an appeal is in the circuit court the same action as in the court of common pleas; and a voluntary appearance in the circuit court is in legal effect the same as such appearance in the common pleas. He could invoke the action of the circuit court to reverse the erroneous·judgment against him without entering his appearance to such judgment, but he could not invoke the action of the circuit court on appeal, to aid him in preventing a judgment from being rendered against him, without thereby entering his appearance and becoming a party to the action. He could not invoke the action of the circuit court to aid him in defeating his opponent, and, when defeated himself turn around, and claim that the circuit court had no jurisdiction of his person. When he invoked the action of the circuit court, he thereby assented that the court might render judgment for him or against him, as the evidence should warrant."

A like rule was adopted under a similar statute in *Dunn v. Haines,* 17 Neb. 560, 23 N. W. 501. See, also, *McCubrey v. Lankis,* 74 Minn. 302, 77 N. W. 144. And there appears to have been no distinction made by the courts whether acting under stat-

utes providing for methods of appeals by which either only questions of law could be reviewed or a trial *de novo* had, or under a statute authorizing only an appeal for a trial *de novo* in the appellate court. *Sheldon v. City of San Antonio*, 25 Tex. Supp. 178; *Irwin v. Davenport*, 84 Tex. 512, 19 S. W. 692; *K. C., S. & Memphis R. R. v. Summers*, 45 Ark. 295; *Gage v. Maryatt*, 9 Mont. 265, 23 Pac. 337; *Lowe v. Stringham*, 14 Wis. 223; *City of Alton v. Kirsch et al.*, 68 Ill. 261. No case from Kansas, from which state our Code of Civil Procedure was taken, deciding the question here involved has been called to our attention; and in our search of the authorities we have been unable to find any, but in the early case of *Haas v. Lees*, 18 Kan. 449, it was held that where in an action pending before a justice of the peace a judgment is rendered upon default against a defendant who has not been duly served with summons, if the defendant appears and presents an appeal bond to be approved by the justice, which is done, and he thereby perfects his appeal to the district court, such defendant cannot afterwards be allowed to deny the jurisdiction of the court over his person. It would be an inconsistent rule to hold that while the defendant, who, from want of service, had not the opportunity of being heard upon a special appearance before judgment was rendered against him, on appealing from such judgment, enters an appearance that waives all irregularity in the service of process, but that a defendant who, notwithstanding the defective service, had sufficient notice to enable him to come into court and object to the service and have a trial upon the merits, may appeal without waiving such defects in the service. There can be no reason for such a distinction between these classes of defendants.

Of course, there is to be kept in mind at all times the distinction between jurisdiction of the subject-matter and jurisdiction of the person, the former of which cannot be waived. There is no question raised in this proceeding that the justice court had not jurisdiction of the subject-matter. We therefore conclude that plaintiff in error upon appealing the cause to the county court

for a trial *de novo* entered a general appearance, and he cannot now be allowed to deny the jurisdiction of that court over his person.

The admission of certain testimony by the trial court is complained of, but it is not made to appear from the record that any exception to the ruling of the court admitting the evidence was taken by plaintiff in error. Alleged errors of the trial court occurring at the trial cannot be reviewed by the court on appeal, unless it is made to appear from the record that the ruling of the trial court complained of was excepted to at the time by · complaining party. *Ecker v. Ecker*, 22 Okla. 873, 98 Pac. 918, 20 L. R. A. (N. S.) 421; *Dunlap & Taylor v. Flowers et al.*, 21 Okla. 600, 96 Pac. 643; *Saxon v. White*, 21 Okla. 194, 95 Pac. 783.

We have carefully reviewed the record, and find that the evidence reasonably tends to support the verdict; and, finding no error in the record requiring a reversal, the judgment of the trial court is affirmed.

TURNER, C. J., and DUNN and KANE, JJ., concur; WILLIAMS, J., not participating.