## DOGGETT v. ATCHISON, T. & S. F. RY. CO.

No. 1269. Opinion Filed January 9, 1912.

(120 Pac. 654.)

APPEARANCE—Defects in Service of Summons—Waiver. A defendant in an action in a justice court, upon whom a defective service of process has been made, although he appears specially for the purpose of challenging the service and the court's jurisdiction of his person, and thereafter, without waiving his special appearance, proceeds to the trial upon the merits, if he appeals from a judgment of the justice court against him to the county court, where a trial de novo upon questions both of law and fact must be had, by taking the appeal, he waives all irregularities in the issuance and service of summons in the justice court, and he cannot thereafter be heard to question the same, or to deny the appellate court's jurisdiction of his person.

(Syllabus by the Court.)

*Error from Noble County Court;*
*H. E. St. Clair, Judge.*

Action by E. E. Doggett against the Atchison, Topeka & Santa Fe Railway Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Horace A. Smith,* for plaintiff in error.

*Cottingham & Bledsoe* and *Geo. M. Green,* for defendant in error.

TURNER, C. J. On June 5, 1909, E. E. Doggett, plaintiff in error, sued the Atchison, Topeka & Santa Fe Railway Company, defendant in error, before a justice of the peace in and for the city of Perry, Noble county. On the return day of the summons, defendant appeared specially and moved to quash the same, for certain reasons set forth in its motion, which was overruled, and exceptions saved, whereupon it filed a motion for continuance, supported by affidavit, which was granted. Later there was trial, and judgment rendered and entered for plaintiff, and defendant appealed to the county court. There, on trial anew, judgment went sustaining said motion to quash, and plaintiff brings the case here.

This is assigned for error, in support of which it is urged that by appealing defendant waived all irregularities in the issuance and service of summons, and could not thereafter be heard to question the same, or deny the jurisdiction of the appellate court over its person. The point is well taken. Defendant entered a general appearance by prosecuting its appeal and invoking a trial *de novo. Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661. See, also, *Latimer v. Giles,* 29 Okla. 234, 116 Pac. 795.

Reversed and remanded.

All the Justices concur.