## ROBINOVITZ v. HAMILL.

No. 3941. Opinion Filed December 8, 1914.

(144 Pac. 1024.)

1. **PARTNERSHIP—Fictitious Name—Application of Statute.** Sections 5023 and 5025, Comp. Laws 1909, and section 2444, **Id.** (sections 4469, 4471, 2700, Rev. Laws 1910), relate to partnerships composed of two or more persons, and are not intended to apply to one person who, being the sole person interested in a business, adopts a business or trade-name under which the business is conducted.

2. **NAMES—Assumed Names—Right to Use Trade-Name.** A person, being the sole owner and manager of a business, has, in the absence of a statute to the contrary, the right to assume any name under which he chooses to conduct his business, so long as such business is conducted under such name in good faith, and may maintain an action for breach of contracts made under such business name.

(Syllabus by Harrison, C.)

*Error from County Court, Creek County;*

*W. H. Brown, Judge.*

Action by Max Robinovitz against J. G. Hamill on a promissory note and an open account. Judgment for defendant, and plaintiff brings error. Reversed.

*C. F. Chapman,* for plaintiff in error.

*Thompson & Smith,* for defendant in error.

Opinion by HARRISON, C.   Max Robinovitz was engaged in the business of furnishing supplies for oil wells and well drilling outfits under the name of the Producers' Supply Company.   The defendant owed plaintiff $125 on a promissory note and $30.63 on an open account for supplies purchased by defendant from plaintiff, all of which defendant refused to pay. Plaintiff sued defendant on the note and account.   At the close of the testimony defendant moved to dismiss plaintiff's action on the ground that plaintiff was doing business under a fictitious name, to wit, the Producers' Supply Company, and, not having complied with section 5023 and section 5025. Comp. Laws 1909 (sections 4469, 4471, Rev. Laws 1910), he could not maintain an action, and on the further ground that the contract, being made in violation of section 2444, Comp. Laws 1909 (section 2700, Rev. Laws 1910), was null and void. The court sustained the motion to dismiss, and the cause comes here on appeal for determination of the question whether a person can conduct a mercantile business under an assumed name without violating section 2444, *supra,* and whether he can maintain an action for breach of contract made under such assumed name without having first complied with section 5023 and section 5025, *supra.*

Section 5023, Comp. Laws 1909 (section 4469, Rev. Laws 1910), is as follows:

"Except as otherwise provided in the next section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

Section 5025, Comp. Laws 1909 (section 4471, Rev. Laws 1910), reads:

"The certificate filed with the clerk of the district court provided in section 5023, must be signed by the partners and acknowledged before some officer authorized to take acknowledgments of conveyances of real property. Persons doing business as partners, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this state until they have first filed the certificate and made the publication herein required: Provided, however, that if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action in all such partnership * * transactions. * * *".

Section 2444, Comp. Laws 1909 (section 2700, Rev. Laws 1910), under the topic, "Fictitious Copartnership," reads:

"Every person transacting business in the name of a person as a partner who is not interested in his firm, or transacting business under a firm name in which the designation 'and Company,' or '& Co.' is used without representing an actual partner except in the cases in which the continued use of a copartnership name is authorized by law, is guilty of a misdemeanor."

It is contended by defendant in error, in support of the action of the trial court in dismissing the plaintiff's suit, that plaintiff, by doing business under the assumed name "Producers' Supply Company," without first having filed the certificate and made the publication required under section 5023, *supra,* was precluded under section 5025, *supra,* from maintaining an action; and also that having conducted his business under an assumed name in violation of section 2444, *supra,* the contract was void and the plaintiff guilty of a misdemeanor. Neither of these contentions can be sustained, because neither of the provisions of statute, *supra,* is applicable to the facts in the case at bar. Robinovitz alleged in his petition, and testified on the stand, that he was the owner and proprietor of the business; that no one else was interested in it; that he owned and controlled the Producers' Supply Company, and that such name comprised him and none other; that defendant had purchased supplies from him doing business under the trade-name afore-

said; that the contract for such supplies was entered into between him as an individual under the assumed name of Producers' Supply Company and the defendant under his own name; that the supplies were furnished, part on a promissory note and part on an open account, and that defendant had promised to pay said note and said account, but had never done so. To this state of facts sections 5023 and 5025, *supra,* are not applicable, because they are clearly intended to apply to partnerships composed of two or more persons who are doing business under a fictitious name which does not disclose the names of the individual members of the partnership, and do not apply to an individual person not engaged in a partnership business, but who merely assumes a business name under which he chooses to conduct his business. For the same reason section 2444 is not applicable, as it very clearly contemplates a copartnership composed of two or more persons. That an action may be maintained against a person conducting a business under an assumed name has been decided by this court in *National Surety Co. v. Okla. Presb. College, etc.,* 38 Okla. 429, on page 433, 132 Pac. 652, on page 654, in which Chief Justice Hayes, speaking for the court, said:

"It would have been better practice for plaintiffs to have brought their action against M. J. Gill, doing business under the name of M. J. Gill Construction Company; but that they may maintain an action against him in the name of the M. J. Gill Construction Company has not been questioned in the proceeding here; and such a procedure is sustained by respectable authorities upon reasons which appear satisfactory to us. *Graham v. Eiszner,* 28 Ill. App. 269; *Sheridan et al. v. Nation,* 159 Mo. 27, 59 S. W. 972; *Wooster v. Lyons,* 5 Blackf. (Ind.) 60; *Baumeister v. Markham,* 101 Ky. 122, 39 S. W. 844, 41 S. W. 816, 72 Am. St. Rep. 397; *School Dist. v. Pillsbury,* 58 N. H. 423."

And whether a person doing business under an assumed name can himself maintain an action was decided by this court in *Roberts v. Mosier,* 35 Okla. 691, 132 Pac. 678, in which Justice Williams, speaking for the court, said:

"If, as stated in the petition, he adopted it some years ago, engaged in business by that name, and is known among his business acquaintances and customers by that designation, there is no reason why he should not continue to use it. Any contract or obligation he may enter into, or which others may enter into with him by that name, or any grant or devise he may hereafter make by it, would be valid and binding; for, as an acquired and known designation, it has become as effectually his name as the one which he previously bore. I have no hesitation, therefore, in saying that I think he may lawfully use it hereafter, in all transactions, as his name or designation."

In 29 Cyc. 270, under the title "Assumed Names," etc:

"Without abandoning his real name, a person may adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue or be sued."

In 14 Pl. & Pr. 277, under the title "Assumed Names," etc.:

"Notwithstanding a person may not change his name without a proper proceeding for that purpose, where it is so prescribed by statute, he may, as at common law, adopt any name he pleases in his business transactions, and such name, or any name by which he is usually known and called, is sufficient by which to designate him in civil or criminal proceedings instituted against him; and he is estopped from repudiating a name in which he contracts for the purpose of relieving himself of the obligation of the contract. There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity. So a person may sue in any name in which he may contract, as well as in any name by which he is generally known."

We are satisfied, therefore, that the plaintiff, Robinovitz, had the right to assume any name under which he chose to conduct his business so long as such business was conducted in good faith, and that he had a right to maintain an action for breach of contracts made under such business name, and that the trial court erred in sustaining the motion to dismiss, and, as there was no other defense to plaintiff's action except that he was doing business under an assumed name, the judgment is reversed, with instructions to reinstate the action and render judgment in favor of plaintiff.

By the Court: It is so ordered.