## KENNEDY v. PULLIAM.

No. 7267—Opinion Filed July 11, 1916.
(158 Pac. 1140.)

1. Appeal and Error—Review—Amendment Regarded as Made.

By a clerical error. plaintiff's first name was erroneously stated in the bill of particulars. The defendant answered. and the plaintiff replied to such answer, setting up her correct name. On appeal to the district court, the court, in his instructions to the jury, stated the correct name of the plaintiff. and the verdict ran in the correct name of plaintiff. Some of the pleadings and motions filed were entitled in the correct name of plaintiff, and others were entitled erroneously as the action was originally commenced. Held, that defendant is not prejudiced by the misnomer, and that the pleadings may be treated, without any formal amendment, as having been amended so as to state the real name of the plaintiff.

2. Justices of the Peace—Appeal—Appearance.

An appeal from a judgment of the justice of the peace court to the district court, where there is a trial de novo of the case, constitutes a general appearance and waives all objections raised by defendant to the jurisdiction of the court over his person.

3. Appeal and Error—Review—Discretion of Trial Court—Continuance.

The granting or refusing of a continuance rests within the sound discretion of the trial court, and unless it is made to appear that such discretion has been abused, the refusing of a continuance does not constitute reversible error.

4. New Trial—Grounds—Misconduct of Jury—Affidavit of Juror.

Upon grounds of public policy, jurors will not be heard, by deposition, affidavit, or other sworn statement. to impeach their verdict, and it is not error for the court to refuse to grant a new trial because of the misconduct of the jury, upon such deposition, affidavit, or other sworn statement of jurors, even though no objection be made to the competency thereof.

5. New Trial—Grounds—Newly Discovered Evidence.

A new trial will not ordinarily be granted on the ground of newly discovered evidence, where the evidence set up as newly discovered only goes to impeach the evidence of a witness of the opposing party.

(Syllabus by Rummons, C.)

Error from District Court, Cherokee County: John H. Pitchford, Judge.

Action by M. V. Pulliam against W. M. Kennedy. Judgment for plaintiff, and defendant brings error. Affirmed.

Bruce L. Keenan, for plaintiff in error.

J. D. Cox and S. A. Horton, for defendant in error.

Opinion by RUMMONS. C. This action was commenced in a justice of the peace court of Cherokee county, by defendant in error. hereinafter styled the plaintiff. against the plaintiff in error, hereinafter styled the defendant. to recover for work and labor performed for defendant by plaintiff's infant son, under a parol contract between plaintiff

and defendant. Upon appeal to the district court of Cherokee county plaintiff had judgment, and defendant brings this proceeding in error to reverse said judgment.

It appears that the real name of the plaintiff is Canzada Pulliam, and defendant's first assignment of error is that the court erred in assuming any jurisdiction in the case, at all, because the record shows that there never was any party plaintiff. The defendant filed an answer denying any indebtedness to M. V. Pulliam, to which plaintiff replied, stating, among other things:

" * * * That her correct name is Canzada Pulliam, and that the name of M. V. Pulliam, as it appears in the pleadings, is a clerical error."

, It does not appear from the record that any formal order of amendment was made, but, in the proceedings in the district court, the pleadings and orders were sometimes entitled "M. V. Pulliam," and at others, "Canzada Puliam." The court instructed the jury that the action was brought by plaintiff, Canzada Pulliam, and the verdict was entitled Canzada Pulliam v. W. M. Kennedy. The defendant, in an amended motion to dismiss, entitled his motion, "Canzada Pulliam, plaintiff." The defendant was not prejudiced by the misnomer in the bill of particulars. There is no merit in this contention of defendant, and the pleadings may be treated as having been amended so as to state the real name of the plaintiff. ..

Defendant next contends that the court erred in not dismissing the action because it was presumed to be commenced with the filing of a bill of particulars. In this counsel for defendant is in error, since actions before justices of the peace are commenced by summons or by appearance and agreement of the parties without summons. Section 5359, Revised Laws 1910. It is true that the statute requires that a bill of particulars be filed by the plaintiff at the time the action is commenced; but the filing of the bill of particulars is not the commencement of the action. It is urged by defendant that no bill of particulars was filed until after the commencement of the action. Defendant also complains of the sufficiency of the summons. He has, however, waived all these irregularities by making a general appearance in the action. After the commencement of the action, defendant moved to dismiss the action. This motion being overruled, the case was tried before the justice of the peace and judgment rendered for plaintiff, from which judgment defendant appealed to the district court. This constituted a general appearance and waived any defects in the summons, or any irregularity in the filing of the bill of particulars. Gulf Pipe Line Co. v. Vander-

berg, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407; Doggett v. Atchison, T. & S. F. R. Co., 31 Okla. 177, 120 Pac. 654.

Defendant next complains of the refusal of a continuance requested by defendant. The granting or refusing a continuance rests within the sound discretion of the trial court, and unless it is made to appear that there has been an abuse of such discretion the action of the trial court upon a motion for continuance will not constitute reversible error. Walton v. Kennamer, 39 Okla. 629, 136 Pac. 584; Jennings Co. v. Dyer, 41 Okla. 468, 139 Pac. 250. In the instant case the showing of the defendant was wholly insufficient to authorize a continuance in that it fails to appear that the defendant could not prove the same facts, that he expected to show by the absent witness, by any other witness, and so far as the record discloses, the evidence expected to be obtained from the absent witness was merely cumulative.

Defendant next complains of the overruling of the motion for new trial because of the misconduct of the jury. The only evidence of any misconduct of the jury consisted of the affidavits of jurors, and it has been repeatedly held by this court that the verdict of a jury cannot be impeached by affidavits of jurors as to what occurred during their deliberations. Chicago, R. I. & P. R. Co. v. Brown, 55 Okla. 173, 154 Pac. 1161, and cases there cited.

The last ground of error assigned is the overruling of the motion of the defendant for a new trial upon the ground of newly discovered evidence. The newly discovered evidence set up by defendant, if material at all, only went to impeach the evidence of one of the witnesses of plaintiff, and therefore it is not sufficient ground for a new trial. Huster v. Wynn, 8 Okla. 569, 58 Pac. 736; Lookabaugh v. Bowmaker, 30 Okla. 242, 122 Pac. 200.

The assignments of error made by the defendant are wholly without merit, and the judgment of the court below should be affirmed.

By the Court: It is so ordered.