## COHEN v. COCHRAN GROCERY CO.

No. 8903—Opinion Filed May 7, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 642.)

**1. Process—Service of Summons — Sufficiency—Jurisdiction.**

In all cases where neither general appearance is made nor service of summons waived, summons must be served by delivering a copy thereof to the defendant personally or by leaving a copy at his usual place of residence, with some member of his family over 15 years of age, at a time before the return day, and the leaving of a copy at his usual place of business with his business manager is insufficient to confer jurisdiction of the person.

**2. Justices of the Peace—Waiver of Jurisdiction—Bill of Exceptions — General Appearance.**

In an action brought before a justice of the peace, the defendant may, by special appearance for such purpose, contest the jurisdiction of his person, and, in case the justice of the peace overrules his objections, may preserve bill of exceptions, file supersedeas. bond, and have the action of the justice of the peace, on the question alone of jurisdiction of the person, reviewed by the county, superior, or district court by petition in error and bill of exceptions, and the pursuing of such course will not constitute a general appearance or waiver of jurisdiction of the person.

**3. Justices of the Peace—Appeal—General Appearance—Waiver of Jurisdiction.**

The filing of a bond for the purpose of an appeal to the county, superior, or district court on both the law and the facts from a judgment of a justice of the peace invokes the jurisdiction of the appellate court for all purposes, and constitutes a general appearance, being a waiver of objection to the jurisdiction of the person of the appealing party.

**4. Judgment—Presence of Party and Counsel—Vacation of Judgment—Casualty.**

A party to a cause and his attorney are required to use reasonable diligence to be present at the time the cause is set for hearing, but, if absent because of unavoidable casualty which could not have been prevented or foreseen by the use of ordinary prudence, and in such absence an adverse judgment is rendered, the judgment should be set aside, on proper terms as to costs, and another trial had when such casualty is duly made to appear to the court and there is a showing of a meritorious cause of action or ground of defense.

(Syllabus by Stewart, C.)

Error from County Court, Coal County; C. M. Threadgill, Judge.

Action by the Cochran Grocery Company against David Cohen. From a judgment for plaintiff, defendant brings error. Reversed and remanded with direction to grant defendant a new trial.

J. H. Gernert, for plaintiff in error.

W. J. Horton and R. A. Smith, for defendant in error.

Opinion by STEWART, C. The plaintiff filed bill of particulars in the justice court of Coal county, and caused the issuance of summons, which was delivered to the constable, the following return being made:

"Received this writ on the 19th day of May, 1916, served the same by leaving a copy thereof with indorsements thereon, duly certified, at the usual place of business of the within named defendant, with Max Cohen, manager of David Cohen's business house in the city of Lehigh, Oklahoma, he being the highest legal representative of David Cohen in my county."

The defendant, David Cohen, appeared specially, and moved to quash summons showing that he had not been personally served, and that he was a resident of Atoka county, and not of Coal county. The motion was overruled, and, the defendant refusing to plead, judgment was rendered against him, from which he duly appealed to the county court on both the law and the facts, filing the appeal bond required by law in such cases. The cause coming on for hearing in the county court, the motion to quash was renewed; the court took the matter under advisement, and continued the hearing to August 16, 1916, at 9 o'clock a. m. at which time, in the absence of the defendant and his counsel, the motion was overruled on the ground that the taking of the appeal constituted a general appearance. Thereupon judgment was rendered for plaintiff and against the defendant. Motion to vacate the judgment was duly filed by the defendant, showing a meritorious defense, and that the defendant, and his counsel though making diligent effort to reach the court in time to be present at the hour to which the hearing was adjourned, were unable to do so because of unexpected delay in the arrival of the railway train upon which they were traveling, which means of travel would have afforded an opportunity to have been present but for the failure to arrive on schedule time. Defendant, in the motion to vacate, also renewed his objection to the jurisdiction of the court over his person because of not being duly served with summons. The motion to vacate judgment was overruled, and the defendant, having duly appealed to this court, urges that the trial court was without jurisdiction of his person, and further that the judgment should have been vacated under subdivision 7, § 5267, Rev. Laws 1910, authorizing such vacation for "unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

There is no room for argument on the proposition that there was no service of summons on the defendant. In the absence of a general appearance or waiver of service of summons, the defendant must be served before the return day by delivering to him personally a copy of the summons or by leaving a copy at his usual place of residence with some member of his family over 15 years of age. The leaving of a copy at his usual place of business with his business manager is wholly insufficient to

confer jurisdiction of the person. It remains to be seen whether or not the defendant, by his acts, afterwards waived service or made a general appearance.

The defendant has presented a well-written, able, and exhaustive brief on the proposition that, by taking an appeal from a justice court to the county court, such as was taken in the case at bar, being both as to the law and as to facts, want of jurisdiction of the person is not waived, and a motion to quash summons, raising, as it does a question of law, may be presented in such appeal we are barred from adopting the reasons urged by the uniform and repeated holding of this court to the contrary. When the appeal taken, in its nature, contemplates the trying of the whole case anew, and not merely a review of an error of law affecting jurisdiction of the person, the filing of the appeal bond invokes the jurisdiction of the appellate court for all purposes, and therefore constitutes a general appearance. Kennedy v. Pulliam, 60 Okla. 16, 158 Pac. 1140; Summers et al. v. Gates, 55 Okla. 96, 154 Pac. 1159; Doggett v. A., T. & S. F. Ry. Co., 31 Okla. 177, 120 Pac. 654; Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407.

The defendant insists that the rule as laid down in the cases cited deprives defendants in cases brought before a justice of the peace of their right, by direct proceedings, to have this court pass on the question of jurisdiction of the person, which right is afforded to those against whom action is brought in courts of record, and we are asked to overrule our former holdings. This argument may be met by quoting section 5456, Rev. Laws 1910:

"Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter."

There are several decisions of this court construing the section quoted in connection with other provisions of the statutes, and holding that review of the action of a justice of the peace may be had in the county, superior, or district court upon questions of law presented by a bill of exceptions and petition in error. See Chicago, R. I. & P. Ry. Co. v. Locke, 69 Okla. 283, 172 Pac. 52; Faust v. Fenton, 65 Okla. 243, 166 Pac. 731; Talley v. Maupin, 64 Okla. 196, 166 Pac. 734, L. R. A. 1917F, 912; McCullough v. Root, 64 Okla. 73, 166 Pac. 735. The question of jurisdiction of the person may be

presented on appeal by bill of exception and petition; a supersedeas bond may be made for purpose of such appeal, not for the purpose of appeal as to both law and fact, and such course will not constitute a general appearance. It is not the making and filing of a bond, but the relief invoked when filing the particular bond, that determines the character of the appearance. We conclude that in the case at bar the court acquired jurisdiction of the person of the defendant because of the nature of the appeal taken and the relief thereby invoked.

The remaining question to be determined is whether or not the court abused its discretion in refusing to vacate its judgment because of unavoidable casualty, preventing the defendant and his attorney from appearing at the time judgment was taken. The defendant's motion to vacate was duly verified, and the facts were not contested by the plaintiff. The matters set forth therein must therefore be taken as true. Litigants are required to use reasonable means and to exercise ordinary prudence to be present at the time their cases are set for trial, but courts are instituted primarily for the purpose of enforcing justice among men. It must have been contemplated when our judicial system was launched that delays would occur; that thereby the public would incur expense and individuals might suffer inconvenience; but, in order that forums might be maintained for the redress of grievances and the dispensing of justice, the people engaged to meet their part of the expenses and officers were selected for such tribunals with a view to their bearing both the direct and incidental burdens connected with their respective officer. It is customary and relatively necessary in current times for those having business in courts and for the judges of the courts themselves to depend upon established schedules of railway passenger service. In this case it is not shownn that the failure of the defendant and his attorney to be present was due to disregard for court's business, or that either of them had any cause to anticipate a probable delay in the arrival of the train, or that they were negligent in any respect. We are of the opinion that the court abused its discretion in failing to vacate the judgment rendered. We are supported in this conclusion by the holding in Aultman-Taylor Machinery Co. v. Caldwell et al., 14 Okla. 472, 78 Pac. 319. In that case counsel for the plaintiff resided at the city of El Reno, and the train was scheduled to leave that place for Washita, which is four miles from Arapaho, the county seat of Custer county, where court was being held, at 3:40 a. m., and arrive

at Washita at 6:05 a. m. of the same day, making it possible to reach Arapaho in time for court by driving from Washita. The train was late, and the attorney for plaintiff traveled as rapidly as he could. He did not arrive at Arapaho until 9:25 a. m. of that day when he found that the case was dismissed for want of prosecution. Application to vacate the judgment was overruled. On appeal it was held that, in the absence of a showing on the part of the appellee to the effect that the train service was irregular and could not reasonably be relied upon, the showing of the appellant must be taken as true, and the judgment of the lower court was reversed.

For the reasons assigned, the cause is reversed, with directions to the trial court to set aside the judgment rendered and grant defendant a new trial.

By the Court: It is so ordered.