## WEBB v. CANNON.

No. 20809. Opinion Filed March 29, 1932.

W. B. Richards, for plaintiff in error.

Paul Brown, for defendant in error.

HEFNER, J. This is an action originally brought in the justice court of the city of Tulsa before Floyd V. Freeman, justice of the peace, by Mrs. J. H. Cannon, against

R. L. Webb to recover the sum of $43.80 upon open account. The summons was issued by the justice of the peace, and by him served upon defendant. Defendant entered his special appearance in the justice court and moved to quash the summons and service thereof because of the irregularity of the service. The motion was denied. Defendant then filed his petition and affidavit for a change of venue. The change was granted, and the cause transferred to J. A. Campbell, justice of the peace, where the defendant likewise entered a special appearance and moved to quash the summons. The motion was overruled and upon trial judgment was rendered in favor of plaintiff.

Defendant appealed to the court of common pleas of Tulsa county on both questions of law and fact and executed a general appeal bond as provided by section 1010, C. O. S. 1921. Upon the lodging of the transcript in that court, defendant again entered a special appearance and filed his motion to quash the summons because of irregular service. The cause went to trial on its merits without a formal order having been made disposing of this motion, and resulted in a judgment in favor of plaintiff. Defendant has appealed and asserts that the court of common pleas was without jurisdiction to hear and determine the case because no proper service was ever had upon him. We do not agree with this contention. By appealing on both questions of law and fact and filing an appeal bond, defendant entered his voluntary appearance in the appellate court and conferred jurisdiction on that court to hear and determine the cause.

In the case of Cohn v. Clark, 48 Okla. 500, 150 P. 467, this court announced the following rule:

"Where no valid service of process is had upon the defendant in the justice of the peace court, and a motion to quash service filed by him in this court is overruled and judgment goes against him, and he files a bond for appeal to the county or district court, which is duly approved, by taking the appeal and filing the appeal bond he waives all defects in the service of process in the justice court, and a motion made by him in the appellate court to quash the service of process is properly overruled."

See, also, Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 P. 782; Summers v. Gates, 55 Okla. 96, 154 P. 1159; Kennedy v. Pulliam, 60 Okla. 16, 158 P. 1140; Cohn v. Cochram Grocery Co., 70 Okla. 168, 173 P. 642.

If defendant desired to review the ruling of the justice court in overruling his motion to quash the service, he should have proceeded to review the judgment of that court by bill of exceptions and petition in error as provided by sections 999 and 1000, C. O. S. 1921. If he had followed this procedure, he could have superseded the judgment as provided by section 799, C. O. S. 1921. Since he did not follow this procedure, but filed a general appeal bond and took a general appeal, he waived the irregular service.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., absent.