## ALCO FINANCE CO. et al. v. MORAN.

No. 25799.   Dec. 1, 1936.

Rehearing Denied Jan. 5, 1937.

Porter H. Morgan, for plaintiffs in error.

George Miller and George B. Forrester, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the court below.

This action was commenced by the plaintiff, a resident of Oklahoma City, Okla., before a justice of the peace of Oklahoma county, by the filing of a bill of particulars alleging that the defendants were justly indebted to plaintiff in the sum of $27 for double the amount of interest charged and collected by defendants' from plaintiff in excess of 10 per cent. Plaintiff filed a pauper's oath in lieu of a cost bond or deposit for costs. Defendants specially appeared and moved to quash service of summons. These motions were overruled, and defendants moved to dismiss for failure of plaintiff to file a cost bond or make a deposit for costs, and also challenged the sufficiency and truthfulness of plaintiff's affidavit that he was unable because of his poverty to pay the costs of the action or give security for the same. These motions were overruled. No pleadings were filed on behalf of either defendant, and no evidence

was introduced by them on the merits. Plaintiff prevailed in the justice court, and defendants appealed to the district court, where the case was tried de novo.

The assignments of error are grouped under the two following propositions:

(1) That the alleged defendant Alco Finance Company was never in court, that it was never shown to be a legal entity, and that the alleged judgment rendered against it is therefore void.

(2) That the poverty affidavit was insufficient, that material statements contained therein were untrue, and that all parties interested in the action, to wit, plaintiff's attorney, had not filed such an affidavit, and that for these defects the action should be dismissed.

Of these in their order:

1. The motions of the defendants to quash the service of summons were properly overruled by the district court. By appealing to the district court and filing an appeal bond, the defendants waived the defects, if any, in the service of process in the justice court. Cohn v. Clark, 48 Okla. 500, 150 P. 467; Webb v. Cannon, 156 Okla. 145, 9 P. (2d) 920.

One of the defendants is Alco Finance Company. It is not alleged in the bill of particulars filed in the justice court whether this defendant is incorporated or not, and it is contended that said defendant is not shown to be a legal entity, and therefore any judgment rendered against it is necessarily void. An individual transacting business under a firm name may be sued under such firm name in the state of Oklahoma. Robinovitz v. Hamill, 44 Okla. 437, 144 P. 1024, L. R. A. 1915D, 981.

The statutes of Oklahoma permit partners to transact business under a fictitious name (sections 11662 and 11664, O. S. 1931), and provide that when two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association. Service of process may be had upon the association by personal service upon any member thereof. Section 182a, O. S. 1931. Service was made upon Alco Finance Company under this section of the statutes.

Alco Finance Company is a sufficient legal entity to lend money, to become payee in promissory notes given for its repayment, to demand, receive, and accept payment of moneys due it, to receipt therefor, to employ counsel, to appear and litigate, and to appeal from adverse judgments. It has chosen a name under which to transact its business as a legal entity, and is estopped to deny that it is a legal entity when sued on a transaction arising out of business conducted as such legal entity. Clark v. Grand Lodge, B. R. T., 328 Mo. 1084, 43 S. W. (2d) 404, 88 A. L. R. 150.

2. The sufficiency of plaintiff's poverty affidavit is not here material. Under section 846, O. S. 1931, the justice of the peace may in actions brought by residents of the county require plaintiff to give security for costs, and this may be done after issuance of process. The giving of such security is not therefore jurisdictional. A cost deposit was later required by the justice in this case and made by the plaintiff during the pendency of the action.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Villard Martin, Chas. R. Bostick, and James E. Bush in the preparation of this opinion. The attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Villard Martin, and approved by Mr. Chas. R. Bostick and Mr. James E. Bush, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and BUSBY, JJ., absent.