## WILKES et al. v. SILVERTHORN.

No. 27383.   Oct. 5, 1937.

Rehearing Denied Jan, 25, 1938.

Porter H. Morgan, for plaintiffs in error.

Ellmore Pinnick, for defendant in error.

CORN, J. This is an action originally brought in the justice peace court by John U. Silverthorn against J. L. Wilkes and the National Loan Company, for usury. The loan company appeared specially and presented two motions, one to quash service of summons because there was no allegation that the loan company was a trust or unincorporated association, and for this reason that serving "J. L. Wilkes, owner," did not constitute service; the second motion was to dismiss for lack of jurisdiction over the defendant, for the reason that there was no legal entity before the court against whom judgment could be rendered.

During argument on these motions the plaintiff struck from his bill of particulars the following: "is a fictitious or trade name." On November 13, 1935, judgment was rendered for the plaintiff for $19.20, costs, and $25 attorney's fees. The defendant then appealed to the district court, from which court the cause was transferred to the court of common pleas.

On February 17, 1935, the case was set for trial, and the defendant presented a motion to dismiss on the ground that there was no such entity before the court as the National Loan Company; and that there was no proper person against whom judgment could be rendered. This motion was overruled. The plaintiff then presented a motion to dismiss. on the ground that the judgment rendered was under the statutory amount allowed for appeal, and this motion was sustained.

The defendant brings this appeal and asks reversal upon two grounds: First, that the National Loan Company was never in court, that it was not shown to be a legal entity; therefore, the alleged judgment rendered against it is void and the cause should be reversed. Second, that the real amount involved was more than $20 and the cause

should not have been dismissed. We shall discuss these two propositions in the above order, making reference to the parties as they appeared in the trial court.

The defendant's first proposition is that the defendant loan company was never in court, that it was never shown to be a legal entity, and therefore the alleged judgment rendered against it is void. It is true that the plaintiff struck from the bill of particulars the allegation as to the defendant's trade name, and it is likewise true that there is no allegation as to the defendant's not being incorporated. For these reasons, the defendant urges that it is not shown to be a legal entity and that any judgment rendered against it is void. However, an individual transacting business under a firm name may be sued under that firm name in this state. See Robinovitz v. Hamill, 44 Okla. 487, 144 P. 1024; General American Oil Co. v. Wagoner Oil & Gas Co. et al., 118 Okla. 183, 247 P. 99.

The National Loan Company and J. L. Wilkes were sufficiently a legal entity to loan money to this plaintiff and others, to become the payee in the promissory notes given by them, to demand and receive payment of the money due it, and to appear, litigate, and appeal from adverse judgments concerning it. It chose a name under which to carry on its business and is, therefore, estopped from denying its legal entity when sued on a transaction arising out of the same business it conducted as a legal entity. See Alco Finance Co. v. Moran, 178 Okla. 575, 63 P. (2d) 747.

This court has recently passed upon the same question presented in this appeal in the case of Webb v. Cannon, 156 Okla. 145, 9 P. (2d) 920, where it said:

"If defendant desired to review the ruling of the justice court in overruling his motion to quash the service, he should have proceeded to review the judgment of that court by bill of exceptions and petition in error as provided by sections 999 and 1000, C. O. S. 1921. If he had followed this procedure, he could have superseded the judgment as provided by section 799, C. O. S. 1921. Since he did not follow this procedure, but filed a general appeal bond and took a general appeal, he waived the irregular service."

Here the problem is the same, the defendant has appealed and asserts that the court of common pleas could not properly hear the cause, since there was no proper service. In this contention the defendant cannot be upheld. When the defendant chose

574

to bring this general appeal and filed an appeal bond, he entered a voluntary appearance and conferred jurisdiction upon the court. See, also, Cohn v. Clark, 48 Okla. 500, 150 P. 467; Kennedy v. Pulliam, 60 Okla. 16, 158 P. 1140. Because of failure to preserve the questions raised in the justice peace court, the appellate court properly dismissed the defendant's appeal upon plaintiff's motion.

Under the second proposition the defendant sets up that the amount involved was more than $20 and the lower court therefore erred in sustaining plaintiff's motion to dismiss.

Section 1017, O. S. 1931, supra, specifically provides:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First., On judgment rendered on confession. Second. Concerning causes of action involving less than twenty dollars."

This statute is the single limitation upon appeals from judgments rendered in the justice peace court.

Section 9524, O. S. 1931, provides:

"In all cases where an action is brought by any person to recover the penalty prescribed by the preceding section (1005, i. e.) the prevailing party in such action shall be entitled to recover, as part of the costs, a judgment against the other party to such action for a reasonable attorney's fee in a sum not less than ten dollars, to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs."

The defendant's contention is, of course, that the attorney's fee was involved in this action as a part of the plaintiff's cause of action, since the plaintiff's prayer for relief was stated "and the further sum of $25 attorney's fees, and the costs of this action"; the contention being that because these items were separately stated, they could not be taxed together as costs.

This same proposition was decided by this court in Barnes et al. v. Cozart Grain Co., 59 Okla. 157, 158 P. 441. In that case the justice of the peace rendered a judgment for $7.50, to which was added some $28 as costs. The defendant carried the matter to this court on appeal, insisting that, with the costs added, the amount of judgment was more than the $20 specified in the statute. This court held, in that case, that the costs were not to be taken as part of the judgment, since they were merely incidental to the trial of the suit and could not form a

part thereof. For additional authority that the costs in a suit in the justice of the peace court are not to be considered as part of the amount in controversy, see the case of Bank of Buffalo v. Venn, 68 Okla. 43, 171 P. 450.

Under the authority of the cited cases and the statutes, we hold that the attorney's fee in the instant case was involved in the action **only** as costs and that the appellate court properly dismissed the appeal. The plaintiff having prayed judgment upon the supersedeas bond filed herein, the judgment of the trial court is affirmed and the prayer for judgment upon such bond is hereby granted.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.